**UVALDE COUNTY APPRAISAL DISTRICT, Appellant,**

v.

**F.T. KINCAID ESTATE, Appellee.**

No. 4–86–00164–CV.

Court of Appeals of Texas, San Antonio.

Nov. 19, 1986.

Rehearing Denied Dec. 15, 1986.

Albert M. Walker, Jr., Austin, for appellant.

Yale Leland Kerby, Uvalde, for appellee.

Before ESQUIVEL, BUTTS and DIAL, JJ.

## OPINION

DIAL, Justice.

This is an appeal by the Uvalde County Appraisal District Board (hereinafter the District) from a judgment setting aside the 1983 tax assessments made by the District on certain property owned by appellee, the F.T. Kincaid Estate, and awarding appellee attorney's fees.

Suit was instituted by the F.T. Kincaid Estate (hereinafter Kincaid) by its executor/trustees E.D. Kincaid, Jr. and William Alex Kincaid against the Appraisal Review Board, Rogelio Munoz, chairman, against the Chief Appraiser and Tax Assessor/Collector, Brownie Jones, and against the Uvalde County Appraisal District Board.

Kincaid is the owner of several tracts of land in Uvalde County, including three tracts which are the subject of the instant controversy.

Kincaid filed a rendition for the 1983 tax year with the District on 13,725.884 acres located in Uvalde County at an alleged fair market value of $682,787.00.

The District appraised three tracts under a different use classification which significantly increased the tax rates. The appraisal was thereafter approved, the tax rates were set and tax statements were sent out. Kincaid received the tax statements and paid the taxes on one of the tracts but withheld payment on the other two tracts.

Kincaid filed suit complaining that the tax assessment was excessive as it applied to these three tracts because of misclassification in the land use. Kincaid further complained that it had not been notified of the appraisal nor given notice to appear before the board of review to protest the new appraisal, as required by the Texas Property Tax Code.

Kincaid sought to prevent the District from attempting to collect the taxes assessed against the property and from carrying the alleged erroneous taxes forward to other years. Kincaid further

sought a directive requiring the defendants to correct the tax records and rolls of Uvalde County Appraisal District so as to reflect the proper assessed values and requiring a refund to Kincaid.

Kincaid deposited the amounts in controversy with the registry of the court. Both parties then filed motions for summary judgment, and the trial court granted Kincaid's motion. The District appealed.

This court, in cause no. 04–84–00307–CV, reversed and remanded for determination of whether the District had delivered written notice of reappraisal to Kincaid as required by section 25.19(a) of the Texas Property Tax Code.

On remand, the trial court found that the District had failed to deliver the required notice to Kincaid, ordered the excess tax assessed by the District returned to Kincaid, and awarded attorney's fees to Kincaid. The trial court made and filed findings of fact and conclusions of law. No additional findings were requested.

The District urges three points of error on appeal. In point of error one, the District contends that the trial court was without jurisdiction to hear the case and erred in granting judgment for Kincaid because the District proved that the reappraisal notice was properly delivered, and Kincaid failed to comply with the exclusive administrative procedures of the Texas Property Tax Code. The District's contention is in direct conflict with the trial court's finding of fact that the required statutory notice was not delivered. Because the necessity of complying with the administrative procedures depends on whether the District delivered the reappraisal notice, we address the delivery issue first.

In determining whether there was any evidence of probative force to sustain the trial court's findings, this Court is required to consider only that evidence favorable to the finding and the judgment rendered thereon and to disregard all evidence to the contrary. The judgment of a trial court will not be set aside if there is any evidence of a probative nature to support it, and this Court cannot substitute its own findings of fact for those of the trial court if there is any evidence in the record to sustain the trial court's findings. *Gill v. Guy Chipman Co.,* 681 S.W.2d 264, 267 (Tex.App.—San Antonio 1984, no writ); *Cavanaugh v. Davis,* 149 Tex. 573, 235 S.W.2d 972, 977 (1951).

■ There was evidence adduced at trial of the following. E.D. Kincaid, III was listed as agent on the rendition filed at the District Appraisal office, but his name and address were not included on the District's computer roll which listed those to whom notice of reappraisal was sent. E.D. Kincaid, Jr.'s name and correct address were listed on the computer roll. The purpose of listing the name and address of an authorized agent on a real estate rendition is to notify the District of the address to which any notices should be sent. Each annual rendition can have a different address to which notice should be sent. The District's chief appraiser testified that there was no evidence there was any printed notice or anything sent to E.D. Kincaid, III.

We hold that the foregoing was sufficient to sustain the trial court's finding that the required statutory notice was not delivered.

■ The District argues in its brief that it met the eight requirements set forth in *Dallas County Appraisal District v. Lal,* 701 S.W.2d 44, 47–48 (Tex.App.—Dallas 1985, writ ref'd n.r.e.), which established a presumption that notice was delivered to the taxpayer under section 1.07 of the Property Tax Code. While there is testimony in the instant case comparable to many of the eight procedures listed in the *Dallas* case, there is no comparable evidence here of use by the District of the correct address on the notice.

In *Dallas,* the taxpayer stated that the address used (taken from the current year's tax roll), although not his personal address or the address of his property, was the business address of his agents who managed the property on his behalf. The court imputed to the taxpayer, as principal, the knowledge of the agent relating to

information, acts, and events within the scope of the agency. *Dallas*, 701 S.W.2d at 48.

The *Dallas* case is distinguishable from the case at bar. There was no evidence in the case before us that the address used was taken from the current year's tax roll. Nor was there evidence in *Dallas* that a more recent record had been received by the Appraisal District directing that notice was to be sent to a different address.

Section 1.07(a) and (b) of the Property Tax Code reads:

Delivery of Notice

(a) An official or agency required by this title to deliver a notice to a property owner may deliver the notice by regular first-class mail, with postage prepaid, unless this title requires a different method of delivery.

(b) The official or agency shall address the notice to the property owner or, if appropriate, his agent at his address according to the most recent record in the possession of the official or agency. However, if a property owner files a written request that notices be sent to a particular address, the official or agency shall send the notice to the address stated in the request.

TEX.PROP. TAX CODE ANN. § 1.07(a) and (b) (Vernon Supp.1986).

The District did not address the notice to the appropriate party under section 1.07(b). We agree with the trial court's finding that the District failed to deliver written notice of reappraisal to Kincaid as required by statute. The District's first point of error is overruled.

In point of error two the District complains that the trial court abused its discretion in awarding Kincaid attorney's fees because they were excluded by stipulation in open court. Near the beginning of the trial, the court stated:

Further, it is my understanding that there is a stipulation that the only fact issues raised in this case would be in compliance as to the notice requirements of the Texas Property Tax Code, those being the board's requirements and the

taxpayers' requirements, and the case will be tried only as to those particular issues. Is that correct, counsel for both Plaintiff and for the defense?

The answer by the attorneys for Plaintiff and Defendant was, "Yes." Later, when counsel for Kincaid attempted to put on evidence of attorney's fees, the District objected, contending that Kincaid had already stipulated that the only question raised in the suit was that of notice. Kincaid replied that the only stipulations went to the main body of the suit, and no issue of attorney's fees was discussed. Over the District's objection, the court then allowed Kincaid to withdraw the issue of attorney's fees from the stipulation and to put on evidence of time spent preparing the case.

■ We agree with Kincaid that the stipulation went to the merits of the case and did not exclude consideration of attorney's fees. Kincaid properly pled the issue of attorney's fees and was entitled to present evidence of this issue.

■ Even if the stipulation had included the attorney's fees issue, we do not agree with the District's contention that the stipulation could not be withdrawn. Stipulations may be modified or withdrawn at the discretion of the trial court. *New v. First National Bank of Midland*, 476 S.W.2d 121, 124 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.). The modification or rescission of a stipulation is not reviewable on appeal in the absence of an abuse of that discretion. *Westridge Villa Apartments v. Lakewood Bank & Trust Co.*, 438 S.W.2d 891, 895 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.). We would find no abuse of discretion by the trial court in allowing modification of a stipulation which did not clearly address the issue of attorney's fees. Point of error two is overruled.

The District claims in its third point of error that the trial court erred in awarding appellee grossly excessive and unreasonable attorney's fees. The trial court awarded Kincaid attorney's fees in the amount of $5,000.00 pursuant to section

**682**

42.29 of the Property Tax Code. This section reads:

> A taxpayer who prevails in an appeal to the court under Section 42.25 or Section 42.26 of this code may be awarded reasonable attorney's fees not to exceed the greater of $5,000 or 20 percent of the total amount of taxes in dispute.

TEX.PROP. TAX CODE ANN. § 42.29 (Vernon Supp.1986).

In addition to arguing that the award was unreasonable and excessive, the District argues that no testimony was given by Kincaid's lawyer concerning the amount of time spent in preparation for the trial in this case after it returned to the lower court. His only testimony refers to time spent on the case when it was before the trial court on motions for summary judgment, where attorney's fees were not awarded, and before this Court on the first appeal, where Kincaid was taxed with all costs of the appeal. The District claims that no testimony was heard which would authorize the court to grant attorney's fees. We disagree.

At trial, Kincaid's attorney testified to the following:

> We would show the Court that in this case we have spent about twenty hours on appellate time with the court of appeals and another ten and a half hours in the supreme court in this matter.
>
> Prior thereto, in research both here and for the appellate courts, we have twenty-two hours. That brings us to a total of about sixty hours in this matter, and we are asking for five thousand dollars in attorney's fees, which is a fair and reasonable attorney's fees in this case.
>
> \* \* \* \* \* \*
>
> I'm basing my request for attorney's fees on sixty hours of work that I spent in this court and the court of appeals and the supreme court. What we are doing here today I haven't added in.

■ We do not agree with the District's claim that Kincaid was required to distinguish between time spent on this case up to and including the first appeal and the time spent afterwards in order for the trial court to award attorney's fees. Because all of the work done pertained to the same case and issues, the work done during the first period necessarily applied to and served as a foundation for the work done during the second period.

As to the District's claim that the award was grossly excessive and unreasonable, we are guided by the following factors on review: (1) the nature of the case, its difficulties, complexities and importance and the nature of services required to be rendered by counsel; (2) the amount of money involved, the client's interest at stake, and the amount of time devoted by the attorney in the benefit derived by the client; (3) the time necessarily spent by the attorney, the responsibility imposed upon counsel, and the skill and experience reasonably needed to perform the services; and (4) looking at the entire record, we may draw on the common knowledge of the justices of the court, their experience as lawyers and judges, and view the matter in the light of the testimony, the record and the amount in controversy. *Knopf v. Standard Fixtures Co., Inc.,* 581 S.W.2d 504, 507 (Tex. Civ.App.—Dallas 1979, no writ).

■ Applying these standards, we hold that the award of attorney's fees in this cause was not excessive or unreasonable. The attorney testified that he had spent 60 hours on this case, without including in that estimate the time spent on the trial before the court or on this appeal.

■ Nor do we agree with the District's argument that the award was excessive because it exceeded the amount in controversy. The mere fact that attorney's fees constitute a greater amount of the total award than do damages will not require a reversal. *Union National Life Insurance Co. v. Reese,* 476 S.W.2d 928 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). Point of error three is overruled.

The judgment is affirmed.