**D & M VACUUM SERVICE, INC., Appellant,**

v.

**ZAVALA COUNTY APPRAISAL DISTRICT, Appellee.**

No. 04–90–00195–CV.

Court of Appeals of Texas, San Antonio.

July 3, 1991.

**436**

Charles J. Muller, III, Matthews & Branscomb, Jesse Gamez, Sherry A. Muller, Law Offices of Jesse Gamez, Inc., San Antonio, for appellant.

E. Jeannie Navarro, John H. Wofford, Law Offices of E. Jeannie Navarro, Austin, for appellee.

Before REEVES, C.J., and PEEPLES and BIERY, JJ.

## OPINION ON APPELLANT'S MOTION FOR REHEARING

BIERY, Justice.

Appellant's motion for rehearing is denied. The opinion of April 17, 1991, is withdrawn and this opinion substituted.

In a trial before the court, a judgment was granted for delinquent taxes on personal property, plus penalties and interest, for the tax years 1984 through 1988. The taxpayer-appellant, D & M Vacuum Service, Inc., appeals only that part of the judgment for the tax years 1984 and 1985. The taxpayer contends that there is no evidence or in the alternative, insufficient evidence to show that it owned the personal property on January 1 of each of the tax years.[1] We affirm.

In reviewing legal and factual sufficiency points, the standard of review is that the appellate court in considering a "no evidence" or legal sufficiency point can consider only the evidence favorable to the decision of the trier of fact and disregard all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965). In considering a factual sufficiency point, we assess all the evidence and reverse for a new trial only if the challenged finding is so against the great weight and preponderance of the evidence as to be manifestly unjust. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex.1986); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986). The trier of fact is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Jones v. Tarrant Util. Co.*, 638 S.W.2d 862, 866 (Tex.1982). It may resolve conflicts and inconsistencies in the testimony of any one witness as well as in the testimony of different witnesses. *Webb v. Jorns*, 488 S.W.2d 407, 411 (Tex.1972).

The appraisal district, appellee, asserts that the certified tax statement of the Zavala Appraisal District, received into evidence, provides both legally and factually sufficient proof that the taxpayer owned the property during the years in question. It relies on section 33.47 of the Texas Property Tax Code which provides that a certified tax statement "showing the property and the amount of the tax imposed constitute[s] prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property listed is the correct amount." TEX.TAX CODE ANN. § 33.47(a) (Vernon 1982).

In contravention of the appraisal district's certified tax statement, Dwight McHazlett, an officer of D & M Vacuum Service, Inc., testified that D & M Vacuum was incorporated in 1982, but did not acquire taxable property until December of 1985 or January of 1986.

Further, the taxpayer does not deny the existence of the property, only ownership for the years in question.

---

1. The taxpayer is not held personally liable for the taxes; rather, the judgment is to be satisfied only by foreclosure of the tax lien. *See* TEX. TAX CODE ANN. § 42.09 (Vernon Supp.1991).

The taxpayer contends that the probative force of the prima facie evidence of the certified tax roll entitles the taxing entity to recover only if no evidence to the contrary is offered by the opposing party, and that the presumption of regularity afforded by section 33.47 vanishes when sufficient evidence is produced to justify a finding against the presumed fact.

 The narrow issue before us, therefore, is whether the certified tax statement retains any probative force to support a judgment once the taxpayer puts on some evidence in contravention.[2] We agree with the appellant-taxpayer that the presumption of law created by section 33.47 disappears if and when the taxpayer meets its burden of producing sufficient evidence to justify a finding against the presumed fact. *See First Nat'l Bank v. Thomas,* 402 S.W.2d 890, 893 (Tex.1965); *Allred v. Harris County Child Welfare Unit,* 615 S.W.2d 803, 806 (Tex.Civ.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); 35 Tex.Jur.3d *Evidence* § 108 (1984). Even though the *presumption* vanishes, we hold that the *evidence* (in this case the certified tax statement) continues to exist and have probative value.[3] Further, the reason that the certified copy of the tax bill continues to have probative effect (as to the existence of taxable property, its situs within the appraisal jurisdiction, and the defendant's ownership of same), is that a detailed administrative process *precedes* creation of a tax bill. Section 22.01 of the Property Tax Code requires persons to "render for taxation all tangible personal property used for the production of income that [s]he owns or that [s]he manages and controls ... on January 1." There are no fines or penalties associated with a taxpayer's failure to render income-producing property, but rendition by the taxpayer insures that the administrative process for protesting valuation or ownership will begin for that year as to that taxpayer. *See* Tex.Tax Code Ann. § 25.19 (Vernon 1982 & Supp.1991). The administrative process embodied in the Property Tax Code provides, as set forth above, for rendition and notice of appraised value, and likewise, provides a comprehensive system for property tax administration and protest prior to court action regarding a taxpayer's property tax liability. *See* Tex.Tax Code Ann. §§ 41.01–41.70 (Vernon 1982 & Supp.1991) (Administrative Protest Provisions). *Compare* Tex.Tax Code Ann. §§ 42.01–42.43 (Vernon 1982 & Supp.1991) (Right of Judicial Review from Administrative Proceedings) *with* Tex.Tax Code Ann. §§ 32.01–32.07 and §§ 33.01–33.54 (Vernon 1982 & Supp.1991) (Collections and Delinquencies). The remedies for protest and appeal of property tax disputes are exclusive. *Adams v. Kendall County Appraisal Dist.,* 724 S.W.2d 871 (Tex.App.—San Antonio 1986, no writ); *Brooks v. Bachus,* 661 S.W.2d 288 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); Tex.Tax Code Ann. § 42.09 (Vernon Supp.1991.)

While non-ownership of personal property on January 1 of the tax year is specifically included as an affirmative defense to a suit to collect a delinquent property tax [Section 42.09(b)(1) ], the existence of a tax bill presupposes that the following procedure has occurred: 1) The Appraisal District has discovered the existence of the property; 2) appraised same (Property Tax Code § 23.01); 3) delivered, under appropriate circumstances, notice to the taxpayer of the appraised value of his/her property (Property Tax Code § 25.19); 4) the appraisal district officer has submitted the appraisal roll to the Appraisal Review Board for review and protest (Property Tax

---

**2.** Although instructive, *Davis v. City of Austin,* 632 S.W.2d 331 (Tex.1982) is not controlling here because the taxpayer's contravening evidence was found to be insufficient.

**3.** We are aware that there can be instances when the presumption vanishes and the evidence retains no probative value. *Robertson Tank Lines, Inc. v. Van Cleave,* 468 S.W.2d 354 (Tex.1971). *Robertson,* however, involved the drawing of an inference (that an employee was within the course and scope of employment) from the evidence (that a vehicle was owned by Robertson Tank Lines, Inc. and was operated by one regularly in its employ), which gave rise to the presumption. This is distinguishable from the case before us in that the evidence itself (certified tax statement) supports the finding of ownership and it is not necessary to draw an inference to support the finding.

Code § 25.22); 5) the Appraisal Review Board has reviewed the records and found them accurate (Property Tax Code § 41.01); 6) the appraisal rolls as corrected by the Appraisal Review Board have been submitted to the taxing units for assessment of a tax (Property Tax Code § 26.01 *et seq.*). During this time period, the property owner has the right to inspect the appraisal records and with specificity, the appraisal records relating to the property owner's property, together with supporting data and schedules used in making appraisals for the appraisal records relating to that property. *See* TEX.TAX CODE ANN. § 25.195 (Vernon Supp.1991). Obviously, the property owner has the right to administrative protest (Chapter 41, Property Tax Code) and judicial review if the property owner is unsatisfied with the determination of his/her protest (Chapter 42, Property Tax Code). It stands to reason that this is the basis of the presumption created by § 33.47(a) of the Property Tax Code.

■ The presumption is, however, rebuttable by competent evidence. In fact, there are instances where a property owner is denied due process of law because of some failure of the appraisal or taxing authorities to timely and properly notify the property owner of the inclusion of his/her property on the tax rolls, or an increase in valuation of said property. *See, e.g., New v. Dallas Appraisal Review Bd.*, 734 S.W.2d 712, 713–17 (Tex.App.—Dallas 1987, writ denied); *Uvalde County Appraisal Dist. v. Kincaid Estate*, 720 S.W.2d 678, 680–81 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.); *Garza v. Block Distributing Co.*, 696 S.W.2d 259 (Tex.App.—San Antonio 1985, no writ); *see also* Myers, *Ad Valorem Taxation Litigation and Recent Changes to the Property Tax Code*, 19 ST. MARY'S L.J. 279, 304–06 (1987). Under these circumstances, where lack of notice is decided in the taxpayer's favor, the assessment (reflected by the tax bill) is void. *Garza*, 696 S.W.2d at 262. If *void*, the evidence (the tax bill) is of no probative value. Until it is found to be void (i.e.— lack of notice is established by some competent evidence), the tax bill is at least of *some* probative value as to the existence, ownership, and taxability of the property, even though the section 33.47(a) presumption has disappeared. Here the question of whether the taxpayer received the property notices is not before us.

Not only was the existence of the tax bill (created through the arduous process described above) of some probative value, so was the adverse testimony of the taxpayer under cross-examination by the taxing authority's attorney. Therefore, the factfinder must then resolve matters of weight and credibility among the competing items of evidence.

Because of imprecise use of the terms "burden of proof" (which can include the burden of persuasion and the burden of producing evidence), "presumption of fact," "presumption of law" and "prima facie evidence," confusion over the meaning and effect of these terms has arisen. 1 R. RAY, LAW OF EVIDENCE §§ 41–55 (Texas Practice 1980).

We believe that the correct and most precise statement of the rule is enunciated by Professor Ray and our former Chief Justice W.O. Murray respectively:

> [T]he presumption places upon the party against whom it operates the burden of producing evidence sufficient to justify a finding of non-existence of the presumed fact. This view has been adopted by the new Federal Rules of Evidence and is the established rule in Texas ... Under this rule where the opponent produces sufficient evidence to justify a finding against the presumed fact the *presumption* vanishes and the situation is the same as it would have been had no *presumption* been created. Further, the *evidence* which gave rise to the presumption remains to be weighed by the trier and accorded its full probative value, the same as if no *presumption* had been recognized. 1 R. RAY, LAW OF EVIDENCE § 53 (Texas Practice 1980). (Emphasis added.)

It is true that when the addressee of a letter testifies that he did not receive the letter the legal *presumption* does disappear, but the *evidence* upon which it was

based does not disappear, and the *evidence* remains to be weighed by the trier of facts in determining whether the notice was in fact received. *Crow v. City of San Antonio,* 294 S.W.2d 899, 901–02 (Tex.Civ.App.—San Antonio 1956), *rev'd on other grounds,* [157 Tex. 250], 301 S.W.2d 628 (Tex.1957). (Opinion by Chief Justice W.O. Murray) (Emphasis added.)

In reviewing the trial judge's weighing of the evidence and the credibility of the testimony, we note that the record reflects that Matthew McHazlett, a director of appellant, had previously filed an answer stating he was not the registered agent of the corporation, although he later admitted upon cross-examination that he had been, in fact, the registered agent until three days before commencement of the trial. The same witness testified under oath that he was not aware when the charter was set up, although he admitted in cross-examination that he signed the charter in 1982. McHazlett denied that the corporation had ever paid its ad valorem taxes; and yet, on cross-examination, it was established that the corporation had made a tender of its 1988 and 1989 taxes three days before the filing of the delinquent tax suit. McHazlett also denied receiving any notices of property valuation from the appraisal district but admitted receiving the tax bills from the appraisal district on the same property.

Given the power of the factfinder to believe or disbelieve the evidence and to resolve questions of credibility, we hold that the evidence is both legally and factually sufficient to support the judgment. Accordingly, the judgment of the trial court is affirmed.