**VALERO EASTEX PIPELINE COMPANY, Appellant,**

v.

**Ben E. JARVIS, Julietta Jarvis, Sarah Jarvis Jones, Annell Melton Schoenvogel, and Eleanor Melton Cameron, Appellees.**

No. 12–95–00132–CV.

Court of Appeals of Texas, Tyler.

May 31, 1996.

Rehearing Overruled Aug. 9, 1996.

Ken W. Good, Tyler, for Appellant.

Willis Jarrell, Tyler, for Appellees.

HOLCOMB, Justice.

This is an appeal from a land condemnation proceeding brought by Valero Eastex Pipeline Co. ("Valero") to condemn a permanent pipeline easement on land owned by Ben E. Jarvis, Julietta Jarvis, Sarah Jarvis Jones, Annell Melton Schoenvogel, and Eleanor Melton Cameron (the "landowners"). After the close of evidence, the trial court *sua sponte* removed the case from the jury and rendered judgment that the easement condemned by Valero was temporary in nature and dismissed all remaining issues. The trial court did not award the landowners any damages for the temporary taking. We will **reverse and remand**.

Valero appeals, presenting three points of error. Because we hold that the trial court erred in rendering judgment that Valero condemned a temporary easement, we reverse and remand this cause for a new trial. In its second and third points of error, Valero requested that this Court advise the trial court regarding evidence of damages on retrial. We decline to address Valero's remaining points of error on damages, as our determination of those points would constitute an advisory opinion.

In Valero's first point of error, it contends that the trial court erred in holding that the easement sought by Valero was only temporary in nature and in dismissing the remainder of Valero's cause. We agree.

In its Third Amended Statement and Petition in Condemnation ("Third Amended Petition"), Valero sought condemnation of "a permanent easement and right-of-way for pipeline purposes across certain land" of the landowners. Additionally, Valero pleaded that it required "a temporary construction easement adjacent to the permanent easement and running the length of same." Valero attempted to reserve to the landowners the oil and gas in place and the right to use the surface so long as such uses did not interfere with Valero's pipeline. Valero's Third Amended Petition also contained the following allegation:

> Plaintiff [Valero] expressly excepts from the Easement and reserves unto the Defendant(s) [landowners] all right, title and interest of the Defendant, his successors, assigns, and lessees in any coal and lignite in, on, and under the premises. Further, Plaintiff shall, at Plaintiff's expense, after receiving reasonable notice from Defendant, Defendant's lessee or mining operator, that active commercial coal or lignite mining operations are to be conducted in and upon the acreage upon which the easement is located, relocate its pipeline and easement so as to allow uninterrupted coal and lignite mining activities.

The landowners specially excepted to Valero's pleading, asserting that the easement sought by Valero was not a permanent easement subject to condition subsequent, but rather an impermissible promise to perform in the future. If Valero failed to perform according to the statement set forth in its

pleading, the landowners would be required to file a lawsuit in the future to compel performance. The trial court overruled the landowners' special exceptions. The landowners have not presented a point of error regarding the trial court's failure to sustain their special exceptions. Prior to trial, all parties stipulated that Valero was seeking a permanent easement across the land and a temporary construction easement to terminate upon completion of the pipeline. The only issue remaining for trial was the amount that Valero would pay for the taking.

At trial, both Valero and the landowners offered evidence regarding the market value of the land taken. After the close of evidence, the trial judge *sua sponte* removed the case from the jury stating, "[t]his is not a permanent easement. It is a temporary easement. I'm going to discharge the Jury. It's temporary in the effect that Valero is going to move their pipeline." Thereafter, the court rendered judgment that, because of the condition subsequent (Valero's promise to move the easement upon notice of the commencement of lignite mining), the condemned easement was temporary in nature.

■■■ A trial court may *sua sponte* withdraw a case from the jury and render judgment. *Trubell v. Patten,* 582 S.W.2d 606, 609–10 (Tex.Civ.App.—Tyler 1979, no writ). "Where there is no evidence warranting submission to the jury, it is the court's duty to withdraw the case from their consideration and dispose of it as a matter of law." *Marlin Associates v. Trinity Universal Insurance Co.,* 226 S.W.2d 190, 193 (Tex.Civ.App.—Dallas 1949, no writ). "When questions of law only are involved, a trial court may, at the conclusion of the hearing of the evidence, take the case from the jury and proceed to render judgment." *Harvey v. Elder,* 191 S.W.2d 686, 687 (Tex.Civ.App.—San Antonio 1945, writ refused).

■■■ On appeal, a reviewing court must determine whether there is any probative evidence to raise a fact question on the material issues presented. *Szczepanik v. First Southern Trust Co.,* 883 S.W.2d 648, 649 (Tex.1994). The appellate court must "consider all of the evidence in a light most favorable to the party against whom the ver-

dict was instructed, and disregard all contrary evidence and inferences." *Id.* "If there is any conflicting evidence of probative value on any theory of recovery, an instructed verdict is improper," and the appellate court must reverse and remand the case to the trial court for a jury determination of that issue. *Id.*

■■■ "Eminent domain is the right or power of a sovereign state to appropriate private property for the promotion of the general welfare." *Byrd Irrigation Co. v. Smythe,* 146 S.W. 1064, 1065 (Tex.Civ.App.—San Antonio 1912, no writ). The state, through the Legislature, may delegate this power of eminent domain to an individual or corporation. *Benat v. Dallas County,* 266 S.W. 539, 540 (Tex.Civ.App.—Dallas 1924, writ ref'd). The Legislature has expressly conferred upon public utilities, such as Valero, the right and power of eminent domain. TEX.REV.CIV. STAT. ANN. art. 1435 (Vernon 1980 & Supp.1996), art. 1436 (Vernon 1980). Pursuant to such right and power, the utility may enter upon, condemn and appropriate the lands, right-of-way, easements, and property of any person or corporation. TEX.REV. CIV. STAT. ANN. art.1946. However, "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made." TEX. CONST. art. I, § 17.

■■■ "It is well settled that 'the discretion of the condemnor is absolute as to what land it may condemn for its purposes, and the courts will not review its discretion in this respect, except where it is made to appear the condemnor has acted in bad faith or has acted arbitrarily, capriciously, or fraudulently, in selecting the particular land for its purposes.'" *Lohmann v. Natural Gas Pipeline Co. of America,* 434 S.W.2d 879, 881 (Tex.Civ.App.—Beaumont 1968, writ ref'd n.r.e.) (*quoting Luby v. City of Dallas,* 396 S.W.2d 192, 197) (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.). A pipeline company may seek condemnation of a temporary construction easement for use during the construction of the pipeline, in addition to the permanent easement for the pipeline itself. A condemnor may limit its rights in a condemned

easement or create specific proprietary rights in the landowner. *Coastal Industrial Water Authority v. Celanese Corp. of America,* 592 S.W.2d 597, 601 (Tex.1979). However, a condemnor may not make promissory statements regarding its future intentions, the effect of which is to prevent a landowner from recovering all his damages in a single proceeding. *Coastal,* 592 S.W.2d at 601; *White v. Natural Gas Pipeline Co. of America,* 444 S.W.2d 298, 300 (Tex.1969). The condemnor and landowner may contractually agree that the condemnor may from time to time remain liable for future damages. *White,* 444 S.W.2d at 300. However, the courts will not force such an agreement on landowners. "The landowner is entitled to compensation in money at the time of taking." *White,* 444 S.W.2d at 301. The landowner is not required to accept the condemnor's promise to pay or act in the future. *Id.* Further, "the landowner is not burdened with the delay and expense of future lawsuits" to enforce the condemnor's promises. *Id.*

 It is clear from Valero's pleadings and statements of counsel that Valero intended to condemn a limited permanent easement and a temporary construction easement. Additionally, Valero sought to reserve to the landowners the oil and gas, the use of the surface, and a reversionary interest that would vest upon the occurrence of a condition subsequent. As condemnor, Valero was entitled to condemn whatever interest was necessary for public use. Valero could not, however, force the landowners to accept Valero's promise to move its pipeline. Such provision is in violation of the stricture of *White v. Natural Gas Pipeline Co.*

In its brief, Valero cites *Scott v. Walden* as authority that an easement can be subject to a condition subsequent. 140 Tex. 31, 165 S.W.2d 449 (1942). *Scott* concerned a *granted* easement, not one compelled by the State's power of eminent domain. *Scott* is no authority for Valero's suggestion that it can compel a landowner to accept Valero's promise to perform in the future in lieu of compensation for the easement. *Scott* is inapposite to the case at bar.

The sole issue before the trial court was damages. The trial court should have sustained the landowners' special exceptions and required Valero to condemn an easement that did not run afoul of *White.* Once Valero repleaded to condemn a permissible easement, the court should have conducted a trial solely on the issue of damages.

Having determined that the trial court erred in removing this case from the jury and rendering judgment that Valero's easement was temporary, we sustain Valero's first point of error. As noted above, our review of the first point of error disposes of the entire case, and we will not address Valero's remaining points of error. Therefore, we **reverse and remand** this case to the trial court **for a new trial** consistent with this opinion.