**VALERO EASTEX PIPELINE COMPANY, Appellant,**

v.

**Ben E. JARVIS, Julietta Jarvis, Sarah Jarvis Jones, Annell Melton Schoenvogel, and Eleanor Melton Cameron, Appellees.**

No. 12–98–00051–CV.

Court of Appeals of Texas, Tyler.

March 31, 1999.

Rehearing Overruled May 11, 1999.

Ken W. Good, Tyler, for appellant.

Willis Jarrel, Tyler, for appellees.

Panel consisted of RAMEY, Jr., C.J., HADDEN, J., and WORTHEN, J.

WORTHEN, Justice.

This is an appeal from the dismissal of a land condemnation cause of action brought by Valero Eastex Pipeline Company ("Valero") to condemn a limited permanent pipeline easement on land owned by Ben E. Jarvis, Julietta Jarvis, Sarah Jarvis Jones, Annell Melton Schoenvogel, and Eleanor Melton Cameron ("the landowners"). Valero presents two issues on appeal and because we hold that the trial court erred when it dismissed Valero's suit for a limited permanent easement, we will reverse and remand this cause for further proceedings.

In 1990, Valero built a gas pipeline and transmission system known as the East Texas Pipeline System through parts of Anderson, Cherokee, Panola and Rusk Counties. As part of the process in constructing this pipeline, Valero filed a statement and petition in condemnation in Cherokee County condemning a permanent easement of 5.179 acres owned by the landowners. The landowners filed an objection to the commissioners' award stating that it was inadequate to compensate them for their damages.

On September 14, 1992, the parties filed a Rule 11 written stipulation to matters not at issue, which in part contain the following provisions:

1. The permanent easement which the Plaintiff seeks to condemn is 5.179 acres.

2. The total length of the pipeline laid across the permanent easement by Plaintiff on the subject property is 273.45 rods.

3. The date of taking is October 11, 1990, the date on which Plaintiff paid into the Registry of this Court the Award of the Commissioners.

4. The temporary construction easement which runs parallel to the permanent easement condemned herein by the Plaintiff was used by it beginning on or about October 17, 1990.

5. The Plaintiff has the right at law to condemn the subject property and Defendant stipulates that all of the proceedings to date in this matter including the jurisdiction of this Court to hear the matter, are admitted and are not in issue.

Plaintiff is entitled to recover as set forth in its Petition and the only issue before the Court is one of monetary damages. Defendants have the burden of proof on the whole case. Therefore, under the provisions of Rules 266 and

269, Defendants move the Court to permit them to open and close both the presentation of evidence and the argument of the cause.

Following the filing of these stipulations, the parties went to trial only on the issue of damages. After the close of evidence, the trial court sua sponte removed the case from the jury and discharged the panel before it began deliberations on the damage issue. The trial court held that the easement was temporary in nature because Valero promised to move the pipeline if, in the future, coal mining operations began on the landowners' property. The trial court rendered judgment dismissing the case on the grounds that the easement was temporary.

Valero appealed the trial court's judgment to this court. *Valero Eastex Pipeline Co. v. Jarvis*, 926 S.W.2d 789 (Tex. App.—Tyler 1996, writ denied). We reversed and remanded the case back to the trial court after holding that Valero had condemned a limited permanent easement. *Id.* at 793. We further instructed Valero to replead a permissible easement under the strictures of *White v. Natural Gas Pipeline Co. of America*, 444 S.W.2d 298 (Tex.1969).

Meanwhile, on July 24, 1995, Valero filed an assignment, bill of sale and conveyance in volume 1277, page 596 of the official record of Cherokee County, Texas, assigning all of its property, rights and interests in the East Texas Pipeline to ValeroTex, L.P., a Delaware limited partnership. This assignment to ValeroTex, L.P. included all claims and causes of action against any party, accrued or unaccrued, discovered or undiscovered, pertaining or relating to the construction, ownership, operation, maintenance or repair of the East Texas Pipeline facility. Valero then filed a fifth amended statement and petition in condemnation on July 17, 1997, which reads in part as follows:

(3) Plaintiff expressly excepts from the Easement and reserves unto the Defendant(s) all right, title and interest of the Defendant, his successors, assigns, and lessees in any coal and lignite in, on, and under the premises. One hundred eighty (180) days following good faith written notice from Defendant's lessee or mining operator that active commercial coal or lignite mining operations are to be conducted in and upon the acreage embraced in the easement, or in such vicinity of the pipeline that said pipeline will preclude safe mining operations as set forth by governmental regulation and/or statute said easement shall terminate, cease, end and revert to Defendants so as to allow uninterrupted coal and lignite mining activities. It being the intent of Plaintiff to acquire an easement on condition subsequent estate.

On August 1, 1997, the landowners filed a motion to withdraw the provision in the September 14, 1992, Rule 11 stipulation that Valero had the right to condemn an easement across their property. Then, on September 25, 1997, the landowners filed a motion to amend stipulations as to matters not at issue, asking the court to strike the following parts of the stipulation:

1. The permanent easement which the Plaintiff seeks to condemn is 5.179 acres.

5. The Plaintiff has the right at law to condemn the subject property and Defendant stipulates that all of the proceeding to date in this matter including the jurisdiction of this Court to hear the matter, are admitted and are not in issue.

Plaintiff (Valero) is entitled to recover as set forth in its petition and the only issue before the court is one of monetary damages. Defendants have the burden of proof on the whole case. Therefore, under the provisions of Rules 266 and 269, Defendants move the Court to permit them to open and close both the presentation of evidence and the argument of the cause.

At the same time, defendants filed a motion to dismiss the case which stated in part:

> These Defendants show the Court that the directors of the Plaintiff have not, in good faith, exercised their right to condemn property for the reason that the directors of the Plaintiff have turned over to a third party the right to end Plaintiff's easement. This could be done any day and the easement would end six (6) months after the proper notice is given to the Plaintiff. If the easement can be ended and terminated by the action of a third party, then the directors of the Plaintiff have not, in good faith, determined that this land is necessary for their purposes and this proceeding should be dismissed with prejudice or in the alternative, without prejudice.

On October 10, 1997, the trial court held a hearing on these three motions. On January 15, 1998, the trial court entered an order deleting the following three paragraphs from the rule 11 stipulation:

1. The permanent easement which the Plaintiff seeks to condemn is 5.179 acres.
5. The Plaintiff has the right at law to condemn the subject property and Defendant stipulates that all of the proceeding to date in this matter including the jurisdiction of this Court to hear the matter, are admitted and are not in issue.

> Plaintiff (Valero) is entitled to recover as set forth in its petition and the only issue before the court is one of monetary damages. Defendants have the burden of proof on the whole case. Therefore, under the provisions of Rules 266 and 269, Defendants move the Court to permit them to open and close both the presentation of evidence and the argument of the cause.

This order, dated January 15, 1998, also dismissed the case in its entirety because it appeared to the court that Valero, by its pleadings, had determined that it was not necessary that the pipeline be located on the landowners' property. This appeal by Valero followed.

Before addressing Valero's issues, we will discuss the landowners' contention that this appeal is moot because ValeroTex, L.P. never intervened in this suit. The landowners contend that they no longer have a justiciable issue with Valero, only with ValeroTex, L.P. Valero contends that section 12.014 of the Texas Property Code allows it to assign an interest in the condemnation proceedings to ValeroTex, L.P. This statute states in part:

> (a) A judgment or a part of a judgment of a court of record or an interest in a cause of action on which suit has been filed may be sold, regardless of whether the judgment or cause of action is assignable in law or equity, if the transfer is in writing.

TEX. PROP.CODE ANN. § 12.014(a) (Vernon 1984). Valero contends that this statute allows it to transfer its interest in this condemnation proceeding to ValeroTex, L.P. The landowners counter that it is against public policy to allow the transfer of an interest in a condemnation proceeding. The general rule in Texas is that a cause of action is a property right and may be assigned, except when a statute expressly prohibits the assignment. *American Indem. Co. v. Baumgart*, 840 S.W.2d 634, 637–38 (Tex.App.—Corpus Christi 1992, no writ). Pipeline easements are assignable in Texas. *Orange County, Inc. v. Citgo Pipeline Co.*, 934 S.W.2d 472, 475 (Tex.App.—Beaumont 1996, writ denied). This was an assignable interest under Section 12.014 of Texas Property Code.

Following an assignment under this statute, an assignee such as ValeroTex, L.P. may maintain a suit in the assignor's name. *Graco Robotics, Inc. v. Oaklawn Bank*, 914 S.W.2d 633, 639 (Tex.App.—Texarkana 1995, writ dism'd). The assignee is not a necessary party to maintain a pending lawsuit. *Texas Machinery and Equipment Co. v. Gordon Knox Oil and Exploration Co.*, 442 S.W.2d 315, 316 (Tex.

1969). Consequently, we hold that this condemnation case is not moot.

In Valero's first issue, it complains that the trial court erred when it allowed the landowners to withdraw the Rule 11 stipulations. The modification or recission of a stipulation is within the discretion of the trial court and will not be disturbed on appeal unless it is shown that the trial court abused its discretion. *Westridge Villa Apartments v. Lakewood Bank & Trust Co.*, 438 S.W.2d 891, 895 (Tex.Civ.App.—Fort Worth 1969, writ ref'd n.r.e.). Stipulations are generally favored by trial courts as a way of expediting litigation and will normally be upheld unless good cause is shown for rejecting them. *Id.* at 895. Stipulations may be modified or withdrawn, however, at the discretion of the trial court. *Uvalde County Appraisal District v. F.T. Kincaid Estate*, 720 S.W.2d 678, 681 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.). Amended pleadings by one party can provide the trial court good cause for allowing the opposing party to withdraw a stipulation. *St. Paul Guardian Ins. Co. v. Luker*, 801 S.W.2d 614, 619 (Tex.App.—Texarkana 1990, no writ). A trial court's decision to allow withdrawal of a stipulation on a fact issue may be made at any time before judgment is entered. *Arriaga v. Cavazos*, 880 S.W.2d 830, 833 (Tex.App.—San Antonio 1994, no writ). Because the withdrawal of the stipulation was a procedural matter within the sound discretion of the trial court, we overrule Valero's first issue.

In its second issue, Valero maintains that the trial court erred when it dismissed its suit because it found that it was not necessary for the pipeline to be located on the landowners' property. We will review this issue de novo because the trial court dismissed this case on a question of law. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998).

The statute which grants Valero the right to exercise the power of condemnation is set out in Article 1436 as follows:

Such corporation shall have the right and power to enter upon, condemn and appropriate the lands, right-of-way, easement and property of any person or corporation, and shall have the right to erect its lines over and across any public road, railroad, railroad right of way, interurban railroad, street railroad, canal or stream in this State, any street or alley of any incorporated city or town in this State with the consent and under the direction of the governing body of such city or town. Such lines shall be constructed upon suitable poles in the most approved manner, or pipes may be placed under the ground, as the exigencies of the case may require.

TEX.REV.CIV. STAT. art. 1436 (Vernon 1967). The courts which have construed this section have concluded that it does not require the condemnor to show that property was "necessary" for public use unless there is some evidence of fraud, bad faith or arbitrary and capricious action. *Anderson v. Clajon Gas Co.*, 677 S.W.2d 702, 705 (Tex.App.—Houston [1st Dist.] 1984, no writ). Since Article 1436 does not require a showing of necessity, the determination by the condemnor of the necessity for acquiring certain property is conclusive, unless the landowners meet their burden of showing fraud, bad faith, abuse of discretion or arbitrary and capricious action. *Housing Authority v. Higginbotham*, 135 Tex. 158, 143 S.W.2d 79 (1940); *Anderson*, 677 S.W.2d at 704. In this case, the landowners did not plead any of these affirmative defenses. Further, there was no evidence offered in any form to support the motion to dismiss. We hold that the trial court was without authority to grant the motion to dismiss. Valero's second issue is sustained.

The judgment of the trial court is *reversed* and *remanded* to the trial court to conduct a trial on the issues of Valero's authority in September 1990 to condemn the landowners' property and the landown-

ers' damages for the limited permanent easement.