

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00183-CV

LONNIE CHARLES SMITH                                    APPELLANT

V.

CITY OF WICHITA FALLS,                                   APPELLEES
WICHITA COUNTY, AND WICHITA
FALLS INDEPENDENT SCHOOL
DISTRICT

----------

### FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY
### TRIAL COURT NO. 43,025-A

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is an appeal from a suit for delinquent property taxes and foreclosure

of a tax lien.  In six issues, Appellant Lonnie Charles Smith, appearing pro se,

---

[1]*See* Tex. R. App. P. 47.4.

argues that he is not the owner of the property at issue and that he was denied procedural due process because he did not receive the tax assessments, so he could not challenge the valuation of the property taxed by Appellees the City of Wichita Falls, Wichita County, and Wichita Independent School District (the Taxing Entities). We will affirm.

## II. BACKGROUND

The Taxing Entities sued Smith and three other individuals[2] who owned an interest in the property located at 201 MLK JR Boulevard (the Property) for delinquent taxes for the years 1994–96, 1999–2000, 2003–04, and 2007–12. Smith filed a pro se answer. After a trial to the bench, the trial court granted judgment for the Taxing Entities in the total amount requested. Smith requested findings of fact and conclusions of law, but his request was not timely. Smith perfected this appeal.

## III. SMITH WAS AN OWNER AND A NECESSARY PARTY

In his first issue, Smith argues that the trial court erred by not dismissing him from the suit because he had transferred his interest in the Property to his mother Elizabeth Walters. In his third issue, Smith argues that he was not liable for taxes on the Property after the Property was transferred to Charles Anderson via a quitclaim deed. We broadly construe these issues to also include a

---

[2]Some of the other individuals are Smith's siblings; none of the other individuals are involved in this appeal. One of the siblings, Anthony D. Walters, represented the group of siblings pro se in the trial court.

challenge to the sufficiency of the evidence supporting the trial court's judgment and will address them together.

## A. Standard of Review

In a trial to the court in which no findings of fact or conclusions of law are filed, the trial court's judgment implies all findings of fact necessary to support it. *Rosemond v. Al-Lahiq*, 331 S.W.3d 764, 766–67 (Tex. 2011); *Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 79 (Tex. App.—Fort Worth 2010, no pet.). When a reporter's record is filed, however, these implied findings are not conclusive, and an appellant may challenge them by raising both legal and factual sufficiency of the evidence issues. *Sixth RMA Partners, L.P. v. Sibley*, 111 S.W.3d 46, 52 (Tex. 2003); *Liberty Mut. Ins. Co. v. Burk*, 295 S.W.3d 771, 777 (Tex. App.—Fort Worth 2009, no pet.). When such issues are raised, the applicable standard of review is the same as that to be applied in the review of jury findings or a trial court's findings of fact. *Roberson v. Robinson*, 768 S.W.2d 280, 281 (Tex. 1989); *Liberty Mut. Ins. Co.*, 295 S.W.3d at 777. The judgment must be affirmed if it can be upheld on any legal theory that finds support in the record. *Rosemond*, 331 S.W.3d at 767; *Liberty Mut.*, 295 S.W.3d at 777.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital

3

fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999); Robert W. Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Tex. L. Rev. 361, 362–63 (1960). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

## B. Pertinent Property Tax Law

Property taxes are the personal obligation of the person who owns or acquires the property on January 1 of the year for which the tax is imposed; a person is not relieved of the obligation because he no longer owns the property. Tex. Tax Code Ann. § 32.07(a) (West 2015). A person against whom a suit to

collect a delinquent property tax is filed may plead as an affirmative defense that he did not own the property on which the tax was imposed on January 1 of the year for which the tax was imposed. *Id.* § 42.09(b) (West 2015). The Texas Tax Code does not define "own" or "owner" for purposes of assessing ad valorem taxes. When a term is not defined in a statute, we give it its ordinary meaning. *See* Tex. Gov't Code Ann. § 312.002 (West 2013); *Comerica Acceptance Corp. v. Dallas Cent. Appraisal Dist.*, 52 S.W.3d 495, 497 (Tex. App.—Dallas 2001, pet. denied). Texas courts have generally defined a taxable "owner" as the individual or entity holding legal title to the property or holding an equitable right to obtain legal title. *See Childress Cnty. v. State*, 127 Tex. 343, 349–50, 92 S.W.2d 1011, 1015 (1936); *Peoples Gas, Light, & Coke Co. v. Harrison Cent. Appraisal Dist.*, 270 S.W.3d 208, 212 (Tex. App.—Texarkana 2008, pet. denied), *cert. denied*, 131 S. Ct. 2097 (2011); *Travis Cent. Appraisal Dist. v. Signature Flight Support Corp.*, 140 S.W.3d 833, 840 (Tex. App.—Austin 2004, no pet.). If an individual or entity does not hold perfect legal title, however, that individual or entity may still be considered the taxable owner of property "[i]f he is the record owner, or is vested with the apparent legal title, or is in possession thereof, coupled with such claims and evidences of ownership as will justify the assumption that he is the owner thereof." *Childress Cnty.*, 127 Tex. at 349–50, 92 S.W.2d at 1015; *Peoples Gas*, 270 S.W.3d at 212.

## C. Legally and Factually Sufficient Evidence Supports the Judgment

The reporter's record of the bench trial establishes that the Taxing Entities introduced into evidence a certified copy of the tax statement showing the delinquent taxes on the Property and a certified copy of a warranty deed, dated October 12, 1992, showing that the Property was conveyed to Smith. Smith attempted to introduce various documents into evidence; however, none of them were certified or authenticated, and the trial court sustained the Taxing Entities' objections to them. Smith's questioning of his sole witness was likewise curtailed, and because he failed to attach the witness fee to the subpoena he had issued for his other witness, the Taxing Entities successfully quashed that subpoena. Thus, the evidence presented by the Taxing Entities was uncontroverted.

After reviewing the Taxing Entities' exhibits, which were admitted into evidence without objection, and hearing testimony, the trial court summarized as follows:

> The state of the evidence before the Court shows that Mrs. Elizabeth Walters transferred the property on October 12th, 1992 to Bernessa Fershawn Holmes, Anthony Dewayne Walters, Lonnie Charles Smith, and Ronie Wayne Smith.

> Then there's a stipulation indicating that there was a quitclaim deed[3] for Mrs. Elizabeth Walters -- or Ms. Elizabeth Walters in 1998 to a Charles Anderson.

_____

[3]"A warranty deed to land conveys property; a quitclaim deed conveys the grantor's rights in that property, if any." *Geodyne Energy Income Prod. P'ship I-E v. Newton Corp.*, 161 S.W.3d 482, 486 (Tex. 2005). *See generally* Black's Law Dictionary 477 (9th ed. 2009) (defining quitclaim deed as "[a] deed that conveys

6

> The Court's comment on the state of the record at this time is that in 1998 Mrs. Walters had no interest in the property to be able to transfer to Mr. Charles Anderson.

Because the evidence presented at trial demonstrated that taxes were owed on the Property and that Smith owned an interest in the Property as reflected by the 1992 warranty deed and because no contrary evidence was presented, we hold that Smith was a necessary party to the lawsuit and that the evidence is legally and factually sufficient to support the trial court's judgment against Smith as an owner of the Property. *See* Tex. Tax Code Ann. § 32.07(a); *Islas*, 228 S.W.3d at 651; *Pool*, 715 S.W.2d at 635; *Seiflein v. City of Houston*, No. 01-09-00361-CV, 2010 WL 376048, at *3–4 (Tex. App.—Houston [1st Dist.] Feb. 4, 2010, no pet.) (mem. op.) (holding that appellant failed to introduce competent evidence to invalidate assessments where taxing authorities put on evidence—certified copies of tax statements showing delinquent taxes and certified copy of quitclaim deed—showing that taxes were due and delinquent and that appellant owned the property taxed); *Taufiq ex rel. Patrick O'Connor & Assocs., Inc. v. Harris Cnty. Appraisal Dist.*, 6 S.W.3d 652, 654 (Tex. App.—Houston [14th Dist.] 1999, no pet.) (holding that property owner is necessary party in case challenging tax assessment). We overrule Smith's first and third issues.

---

a grantor's complete interest or claim in certain real property but that neither warrants nor professes that the title is valid").

7

## IV. PROCEDURAL DUE PROCESS

In his second issue, Smith argues that he was denied procedural due process because after the Property was quitclaimed to Charles Anderson, the Taxing Entities never notified Smith of the delinquent taxes on the Property so that he was deprived of the opportunity to challenge the Property's valuation.

Tax Code subsection 33.47(a) provides as follows:

> In a suit to collect a delinquent tax, the taxing unit's current tax roll and delinquent tax roll or certified copies of the entries showing the property and the amount of the tax and penalties imposed and interest accrued constitute prima facie evidence that each person charged with a duty relating to the imposition of the tax has complied with all requirements of law and that the amount of tax alleged to be delinquent against the property and the amount of penalties and interest due on that tax as listed are the correct amounts.

Tex. Tax Code Ann. § 33.47(a) (West 2015). Once the taxing unit introduces these records, it establishes a prima facie case as to every material fact necessary to establish its cause of action. *Davis v. City of Austin*, 632 S.W.2d 331, 333 (Tex. 1982); *City of Bellaire v. Sewell*, 426 S.W.3d 116, 120 (Tex. App.—Houston [1st Dist.] 2012, no pet.). When the taxing unit establishes a prima facie case in a tax delinquency suit, a rebuttable presumption arises that the taxing entity has taken all actions necessary to obtain legal authority to levy the tax, including proper delivery of all required tax notices. *See Phifer v. Nacogdoches Cnty. Cent. Appraisal Dist.*, 45 S.W.3d 159, 174 (Tex. App.—Tyler 2000, pet. denied) (explaining that when appraisal district introduced certified copies of delinquent tax record, it established its prima facie case as to every

8

material fact necessary to establish its cause of action, including that taxpayer received proper delinquent tax notices); *Flowers v. Lavaca Cnty. Appraisal Dist.*, 766 S.W.2d 825, 828 (Tex. App.—Corpus Christi 1989, writ denied) (stating that taxing unit's establishment of prima facie case creates presumption that taxing entity has taken all actions necessary to obtain legal authority to levy tax).

Here, the record includes an affidavit by Leslie Pruitt, Deputy for the Tax Collector for the City of Wichita Falls, Wichita Falls Independent School District, and Wichita County, and attached to her affidavit are copies of the delinquent tax roll statements for the Property for the pertinent years detailing the delinquent taxes, penalties, and interest owing for the Property. After the Taxing Entities made their prima facie case by introducing the official tax records, the burden then shifted to Smith to show, by introducing competent evidence, that the taxing units had not delivered the required tax notices. *D & M Vacuum Serv., Inc. v. Zavala Cnty. Appraisal Dist.*, 812 S.W.2d 435, 437–38 (Tex. App.—San Antonio 1991, no writ). Because Smith did not introduce any controverting evidence, he did not meet this burden. We overrule Smith's second issue.

## V. SMITH'S REMAINING ISSUES

In his fourth through sixth issues, Smith argues that Anderson was required to file the quitclaim deed with the county clerk's office in order to acquire ownership, that Smith is entitled to a new trial because the Taxing Entities' attorney directed the tax collector to not honor the subpoena to appear and filed a motion to quash the date of the hearing without affording Smith due process,

9

and that he is entitled to a new trial because the Taxing Entities withheld the affidavit of heirship from him and from the court. Smith, however, does not include any record references, arguments, or authorities to support these three issues, which are mentioned solely in the table of contents in his appellate brief. Because these issues are inadequately briefed, we hold that Smith has waived error, if any, related to these issues. *See* Tex. R. App. P. 38.1(i); *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994) (discussing the "long-standing rule" that an appellate point may be waived due to inadequate briefing). We overrule Smith's fourth through sixth issues.

## VI. CONCLUSION

Having overruled Smith's six issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: LIVINGSTON, C.J.; WALKER and SUDDERTH, JJ.

DELIVERED: June 4, 2015