

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-25-00819-CV

**IN RE SOLARIS TRANSPORTATION, LLC**, Solaris Oilfield Infrastructure, Inc., and Solaris Oilfield Site Services Operating, LLC

Original Proceeding[1]

PER CURIAM

Sitting:      Rebeca C. Martinez, Chief Justice
              Lori Massey Brissette, Justice
              H. Todd McCray, Justice

Delivered and Filed: January 28, 2026

MOTION TO DISMISS DENIED WITHOUT PREJUDICE TO REFILING

On December 17, 2025, relators, Solaris Transportation, LLC, Solaris Oilfield Infrastructure, Inc., and Solaris Oilfield Site Services Operating, LLC (hereinafter "Solaris") filed a petition for writ of mandamus challenging respondent's November 17, 2025 order granting the real parties in interest's motion to conduct net worth discovery. Solaris did not seek a stay of the trial court's order. We requested the real parties in interest and the respondent to file their responses, if any, no later than January 9, 2026. We later granted the real parties in interest an

---

[1]This proceeding arises out of Cause No. 2022CI23251, styled *Leslie Abrego Castrellon, Individually as Wrongful Death Beneficiary and Sole Heir/Representative of Ricardo Arreola, Deceased; and Rosa M. Arreola, Individually and as Wrongful Death Beneficiary of Ricardo Arreola, Deceased v. Conlan Tire Co., LLC, et al.*, pending in the 57th Judicial District Court, Bexar County, Texas, the Honorable Antonia Arteaga presiding.

extension of time to file their response permitting them to file by January 16, 2026. On the response deadline, the real parties in interest filed a motion to dismiss the petition for writ of mandamus asserting that the matter had become moot because they had stipulated to the trial court that they had withdrawn the contested discovery requests and that they would not pursue said discovery or similar "net worth" discovery from Solaris. The real parties did not otherwise respond to the petition for writ of mandamus.

Less than two hours after the real parties in interest filed their motion to dismiss, Solaris responded opposing the motion. Relying on *In re Contract Freighters, Inc.*, Solaris contends that the withdrawal of the discovery requests and stipulation that the real parties in interest would not pursue similar net worth discovery does not render the dispute moot because the stipulations may be later withdrawn. *See In re Contract Freighters, Inc.*, 646 S.W.3d 810 (Tex. 2022). We agree.

The Texas Supreme Court considered nearly identical facts in *In re Contract Freighters, Inc. Id.* There, the relator filed a petition for writ of mandamus challenging certain discovery rulings in the underlying lawsuit. *Id.* at 812. After the court requested responses, the real parties in interest withdrew the offensive discovery requests. *Id.* The Supreme Court held that withdrawal of the discovery requests did not render the dispute moot because they were not accompanied by "enforceable assurances via a Rule 11 agreement, binding covenant, or anything else that would provide sufficient certainty that they would not refile the same or similar requests" if the petition for writ of mandamus was dismissed. *Id.* at 814.

In the present case, the real parties in interest have filed a unilateral stipulation in the trial court. However, this unilateral stipulation is insufficient to provide the requisite certainty necessary to warrant dismissal of the petition for writ of mandamus. Although stipulations are generally favored by the trial courts as a way to expedite litigation, they "may be modified or

withdrawn at the discretion of the trial court." *Uvalde Cnty. Appraisal Dist. v. F.T. Kincaid Estate*, 720 S.W.2d 678, 681 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.); *see also Valero Eastex Pipeline Co. v. Jarvis*, 990 S.W.2d 852, 856 (Tex. App.—Tyler 1999, pet. denied) ("Stipulations may be modified or withdrawn, however, at the discretion of the trial court").

The real parties in interest have not evidenced that the trial court has amended its order to preclude discovery of net worth evidence nor has it evidenced that the stipulation would remain enforceable if they attempted to later withdraw it. As the Supreme Court held in *In re Contract Freighters, Inc.*, "[u]nilateral and unenforceable withdrawal of discovery, without any assurances that the withdrawal is definite, and at the very hour 'appellate courts are looking,' does not moot a discovery dispute." 646 S.W.3d at 814.

The real parties in interest's motion to dismiss is **DENIED WITHOUT PREJUDICE TO REFILING** should a sufficiently enforceable resolution to the discovery dispute be met.

PER CURIAM