**Reverse and Render; Opinion Filed February 1, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

## No. 05-11-00673-CV

---

## GAUTAM C. DAFTARY AND SHWETA G. DAFTARY, Appellants

## V.

## PRESTONWOOD MARKET SQUARE, LTD. AND NEW PEPPER SQUARE S/C, LTD., Appellees

---

**On Appeal from the County Court at Law No. 4
Dallas County, Texas
Trial Court Cause No. CC-11-01529-D**

---

# MEMORANDUM OPINION

Before Justices Moseley, Fillmore, and Myers
Opinion By Justice Moseley

Gautham C. Daftary and Shweta G. Daftary (the Daftarys) appeal the trial court's entry of

an adverse judgment in an action for forcible entry and detainer.[1] The trial court awarded possession

of the property, damages, and attorney's fees to Prestonwood Market Square, Ltd. and Henry S.

Miller Brokerage, LLC.[2] In five issues on appeal, the Daftarys argue the trial court lacked

jurisdiction to render judgment, the evidence was legally insufficient to support the damages award,

---

[1] The parties filed multiple lawsuits against one another, which the court consolidated into one action. The court then tried the forcible-detainer action after abating all other claims between the parties. After concluding the forcible-detainer trial and entering a Partial Judgment, the court granted appellees' motion to sever the forcible detainer from the other claims in the case. The severed action was assigned a separate cause number. This appeal followed.

[2] Appellees are entities created by Henry S. Miller Company. We will refer to them collectively as "HSM."

the trial court erred by awarding attorney's fees to HSM, the trial court abused its discretion by severing the forcible-detainer action from the other claims in the case, and there is no final judgment in the case.

The background and facts of the case are well-known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. Because we lack jurisdiction over the Daftarys' complaints about the trial court's order severing the forcible-detainer partial judgment, we dismiss those complaints on appeal. Because HSM's cause of action for possession of the premises was mooted before trial, we vacate the trial court's judgment awarding possession of the premises to HSM and dismiss that claim as moot. Additionally, because there is no evidence of HSM's damages, we reverse the trial court's judgment awarding HSM damages and attorney's fees, and render a take-nothing judgment on HSM's requests for damages and attorney's fees.

The Daftarys leased commercial real estate from HSM for $12.00 per square foot. The lease expired on June 30, 2008. The Daftarys sought to exercise a three-year renewal option. Although the Daftarys and HSM did not sign a new lease or an extension, the Daftarys continued paying rent pursuant to the terms of the expired lease from July 2008 until September 2009.

In October 2009, HSM informed the Daftarys that if they continued to occupy the space, they could either execute a new, long-term lease or pay holdover rent. The Daftarys believed they had executed the three-year option on the prior lease and a new, long-term lease was unnecessary. The following month, HSM notified the Daftarys it was terminating their month-to-month tenancy and that they must vacate the premises within 30 days, or no later than December 21, 2009. When the Daftarys failed to vacate the premises, HSM filed a forcible-detainer action in the justice court. In February 2010, the justice court held a hearing on HSM's forcible-detainer action and awarded

possession of the premises to HSM. The Daftarys appealed the ruling to the County Court at Law; the Daftarys continued to occupy the premises during the pendency of the appeal.

The County Court at Law conducted a trial de novo on HSM's forcible-detainer action on January 25, 2011. On the day of trial, before the proceedings began, the Daftarys presented the trial court with the keys to the premises and tendered possession. The Daftarys then argued the forcible-detainer case was moot because the case no longer presented an issue about which party was entitled to possession. The trial court proceeded to conduct a bench trial; at the end of the trial, the court concluded HSM was entitled to possession, rent that would have been due from December 21, 2010, until January 25, 2011, and attorney's fees. The signed judgment reflects the trial court's conclusions.

In their first issue, the Daftarys argue the trial court lacked jurisdiction to consider the forcible-detainer action because the case became moot when they tendered possession of the premises on the morning of trial. Appellate courts are prohibited from deciding moot controversies. *See Sepulveda v. Medrano*, 323 S.W.3d 620, 625 (Tex. App.—Dallas 2010, no pet.). A justiciable controversy between the parties must exist at every stage of the legal proceedings, including the appeal, or the case is moot. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). If a case becomes moot, the appellate court must vacate any judgment or order the trial court to dismiss the case. *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.). When, as here, possession changes hands and there is no basis for a claim of right to possession, the issue of possession becomes moot. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).

However, the entire case only becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640,

642 (Tex. 2005). A dispute over attorney's fees is a live controversy and may prevent an appeal from being moot. *See id.* Likewise, a dispute regarding damages is a live controversy and may prevent a case from becoming moot. *See Perez v. Blue Cross Blue Shield of Tex., Inc.*, 127 S.W.3d 826, 830 (Tex. App.—Austin 2003, pet. denied).

Before hearing the Daftarys' appeal de novo from the justice court, the trial court determined it would consider the forcible-detainer case as well as "any remedy available under TRCP 752." Pursuant to rule 752, HSM could recover its "damages, if any, suffered for . . . defending possession of the premises during the pendency of the appeal." TEX. R. CIV. P. 752. Damages include "loss of rentals during the pendency of the appeal and reasonable attorney fees in the justice and county courts provided, as to attorney fees, that the requirements of Section 24.006 of the Texas Property Code have been met. Only the party prevailing in the county court shall be entitled to recover damages against the adverse party." TEX. R. CIV. P. 752.

While the issue of possession became moot when the Daftarys vacated the property, the entire case was not moot because HSM's claims for damages and attorney's fees continued to present live controversies. Because live claims were presented to the trial court, it did not err by concluding the case was not moot and it had jurisdiction. We overrule the Daftarys' first issue.

The Daftarys also argue the evidence was legally insufficient to support the damages awarded. The proper measure of damages in a forcible-detainer appeal is the reasonable rental value of the property during the pendency of the appeal. *Hart v. Keller Props.*, 567 S.W.2d 888, 889 (Tex. Civ. App.—Dallas 1978, no writ); *Koelzer v. Pizzirani*, 718 S.W.2d 420, 422 (Tex. App.—Fort Worth 1986, no writ).

The trial court's judgment states HSM "offered evidence at trial proving their entitlement to their damages in the form of the rent and other charges due under the Lease, from the date they were

entitled to possession of the premises, December 21, 2009 [sic] through the date of trial on January 25, 2011." The trial court concluded the proper amount of damages was $26,000.96.

HSM presented no evidence at trial showing it was entitled to $26,000.96.[3] Moreover, it did not present any evidence showing the reasonable rental value of the property during the pendency of the appeal. The only evidence relating to the rental value of the property was testimony that the fair market rental value for the property was $12.00 per square foot or $12.50 per square foot in July 2008. However, no evidence showed whether the fair market rental value was the same from December 2009 to January 2011 (the time period the appeal was pending) as it was in July 2008.[4] Because HSM only offered evidence about the fair market rental value as of July 2008 and failed to offer any evidence showing the reasonable rental value during the pendency of the appeal, the trial court erred by awarding damages pursuant to rule 752. We sustain the Daftarys' second issue.

In their third issue, the Daftarys argue the trial court erred by awarding attorney's fees to HSM. Rule 752 and Section 24.006 of the property code require, among other things, the party prevail in the trial court before it can recover attorney's fees. *See* TEX. R. CIV. P. 752; TEX. PROP. CODE ANN. § 24.006(b) (West 2000). Because the trial court lacked jurisdiction to consider the issue of possession and the trial court erred by awarding damages to HSM, HSM was not a prevailing party. Therefore, HSM did not satisfy the terms of section 24.006(b) or rule 752 and the trial court erred by awarding attorney's fees to HSM. We sustain the Daftarys' third issue.

---

[3] During oral argument, the attorney for HSM argued $26,000.96 was the amount the Daftarys paid into the registry of the court during the time period they were holding over in lieu of paying rent directly to HSM. He asserted that the rent statements from this period of time were exhibits admitted during the proceeding, and when added together, those rent statements would support the award of $26,000.96. However, the rent statements in the record do not include any for the holdover period.

[4] We offer no opinion about whether the fair market rental rate from December 2010 until January 2011 was more than, less than, or equal to $12.00 per square foot or $12.50 per square foot. We only state there was no evidence in this record regarding the fair market rental rate during that period of time.

In their final two issues, the Daftarys argue the trial court abused its discretion by severing the forcible-detainer partial judgment and, because there was no valid severance, there was no final judgment in this case. However, the Daftarys failed to perfect an appeal of these issues. A party seeking to alter a trial court's order must file a notice of appeal. TEX. R. APP. P. 25.1(c). The notice of appeal filed by the Daftarys states it is their "intent to appeal the trial court's Partial Judgment signed on January 25, 2011." The Notice of Appeal does not state their intent to appeal the trial court's Order on Plaintiff's Motion to Sever dated March 1, 2010. Therefore, the Daftarys failed to invoke our jurisdiction over issues related to the trial court's severance order.

Even if we were to assume the Daftarys' fourth and fifth issues are properly before the Court, we conclude the trial court did not err by granting HSM's motion to sever. The Daftarys argue the trial court abused its discretion because HSM originally agreed to consolidate all of the cases between the parties and then, in its motion to sever, failed to show good cause for relief from its procedural stipulation to consolidate all claims.[5] To support their argument that HSM was required to show good cause to withdraw the stipulation, the Daftarys cite *Valero Eastex Pipeline Co. v. Jarvis*, 990 S.W.2d 852, 856 (Tex. App.—Tyler 1999, pet. denied). Although the *Jarvis* court did state that a trial court should *enter* stipulations "unless good cause is shown for rejecting them," the *Jarvis* court also stated "[s]tipulations may be modified or withdrawn, however, at the discretion of the trial court." Assuming HSM did stipulate to the consolidation, *Jarvis* does not require it to show good cause to withdraw.

---

[5] The only evidence in the record indicating HSM may have agreed to consolidate the claims is a docket entry from May 11, 2010, stating:
MOTION - CONSOLIDATE
Party: PLAINTIFF PRESTONWOOD MARKET SQUARE LTD; DEFENDANT DAFTARY, GAUTAM C; DEFENDANT DAFTARY, SHWETA G
*AGREED - EC057J015779129*
For purposes of this opinion, we will assume HSM did agree to the consolidation.

Rule 41 provides that "[a]ny claim against a party may be severed and proceeded with separately." TEX. R. CIV. P. 41. Severance is appropriate if: (1) the controversy involves more than one cause of action, (2) the severed claim is one that could be asserted independently in a separate lawsuit, and (3) the severed actions are not so interwoven with the other claims that they involve the same facts and issues. *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 693 (Tex. 2007) (quoting *Guaranty Fed. v. Horseshoe Operating*, 793 S.W.2d 652, 658 (Tex. 1990)). The controlling reasons for a severance are to do justice, avoid prejudice, and further convenience. *Duenez*, 237 S.W.3d at 693. The Daftarys do not argue the controversy does not involve more than one cause of action, the severed claim could not have been asserted independently, or the forcible-detainer action is so interwoven with the other claims that they all involve the same facts and issues. Likewise, the Daftarys do not assert severance would not be in the interest of justice or would create prejudice or inconvenience. After reviewing the record, we conclude the trial court did not abuse its discretion by granting HSM's motion to sever. *See id.* We overrule the Daftarys' fourth and fifth issues.

We vacate the trial court's judgment awarding possession of the premises to HSM and dismiss HSM's cause of action for possession of the premises. Additionally, we reverse the trial court's judgment awarding damages and attorney's fees to HSM, and render a take-nothing judgment on HSM's requests for damages and attorney's fees. We lack jurisdiction over the Daftarys' complaints about the trial court's order severing the forcible-detainer partial judgment; thus we dismiss those complaints. We express no opinion on the merits of the parties' other claims against

each other; our opinion is limited to the issues relevant to a forcible-detainer action.

_____
JIM MOSELEY
JUSTICE

110673F.P05



# Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

GAUTAM C. DAFTARY AND SHWETA
G. DAFTARY, Appellants

No. 05-11-00673-CV     V.

PRESTONWOOD MARKET SQUARE,
LTD. AND NEW PEPPER SQUARE S/C,
LTD., Appellees

Appeal from the County Court at Law No. 4
of Dallas County, Texas. (Tr.Ct.No. Cause
No. CC-11-01529-D).
Opinion delivered by Justice Moseley,
Justices Fillmore and Myers participating.

Based on the Court's opinion of this date, the trial court's January 25, 2011 Partial
Judgment awarding possession of the premises located at 14902 Preston Road, Suite 401, Dallas,
Texas 75254 (Premises) to appellees Prestonwood Market Square, Ltd. and New Pepper Squares
S/C, Ltd. is **VACATED** and appellees' claim for Possession of the Premises is **DISMISSED**.

The trial court's Partial Judgment that appellees "have and recover damages from
[appellants Gautam C. Daftary and Shweta G. Daftary], jointly and severally, the sum of
$26,000.96 in damages, attorneys' fees in the amount of $82,250.20, postjudgment interest on the
total sum at the annual rate of five percent (5%) and all recoverable costs of court" is
**REVERSED** and judgment is **RENDERED** that appellees Prestonwood Market Square, Ltd.
and New Pepper Squares S/C, Ltd. take nothing against appellants Gautam C. Daftary and
Shweta G. Daftary on appellees' requests for damages and attorney's fees.

It is ORDERED that appellants Gautam C. Daftary and Shweta G. Daftary recover their
costs of this appeal from appellees Prestonwood Market Square, Ltd. and New Pepper Squares
S/C, Ltd.

Judgment entered February 1, 2013.

_____
JIM MOSELEY
JUSTICE