ACCEPTED
06-14-00102-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/19/2015 4:43:22 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00102-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/19/2015 4:43:22 PM
DEBBIE AUTREY
Clerk

IN THE SIXTH COURT OF APPEALS

Johnny E. Webb, III

Appellant

v.

Alex Rodriguez, et al.,

Appellees.

On appeal from
95th Judicial District Court, Dallas County, Texas
Hon. Ken Molberg, Presiding Judge

## APPELLEES' MOTION TO DISMISS FOR LACK OF JURISDICTION

Pursuant to Texas Rule of Appellate Procedure 42.3 Appellees move to dismiss ("Motion") Appellant Johnny E. Webb, III's ("Appellant") appeal for lack of jurisdiction. In support of this Motion, Appellees respectfully show the following:

2561352.1

## FACTUAL BACKGROUND

Appellant's notice of appeal represented that he appealed the trial court's November 12, 2014 Order denying Appellant's Motion for Reconsideration and to Modify, Correct or Reform Judgment Based on New Evidence and Request for Findings of Fact and Conclusions of Law (the "November 12 Order"). *See* Clerk's Record ("C.R.") 481; *see also* C.R. 480.

On January 23, 2015 the Court notified Appellant's counsel of a "potential defect in our jurisdiction over this appeal." The letter noted

> The notice of appeal indicates that appellant is attempting to appeal from the trial court's November 12, 2014, order. That order purports to deny appellant's October 8, 2014, Motion for Reconsideration and to Modify, Correct or Reform Judgment Based on New Evidence and Request For Findings of Fact & Conclusions of Law."

The Court went on to state it was "not convinced that the November 12 order is appealable."[1] Three days later, the Supplemental Clerk's Record was filed containing a copy of the September 23 Order. Appellant then filed a response to the Court's January 23 letter explaining the Court had jurisdiction over the appeal because: (1) his Motion for Reconsideration extended his deadline to file his notice of appeal; and (2) he filed his notice of appeal within the extended deadline. Appellant's Response at 1-2. Importantly, the response *did not* (1) state that

---

[1] The Court also noted that if Appellant intended to appeal the trial court's order granting the Appellees' motion to transfer venue or, in the alternative, to dismiss (the "September 23 Order"), no such order appeared in the clerk's record.

2

Appellant was appealing the September 23 Order rather than the November 12 Order, or (2) address whether the November 12 Order was an appealable order.

Appellant's brief, filed February 26, 2015, does not address the November 12 Order. Instead, the brief expressly states Appellant is appealing the September 23 Order. *See* Appellant's Brief at pp. 8, 9.

## ARGUMENT AND AUTHORITIES

The Court lacks jurisdiction over Appellant's appeal. The trial court's November 12 Order is not an appealable order. Furthermore, because Appellant's Notice of Appeal did not indicate he appealed the September 23 Order, the Court lacks jurisdiction to consider all of the arguments in Appellant's brief. This appeal should therefore be dismissed under Rule 42.3.

### A. The November 12 Order is not appealable.

The Court correctly questioned its jurisdiction over Appellant's appeal of the trial court's November 12 Order. An order denying a motion for reconsideration is not independently appealable. *Croft v. Jeffcoat*, No. 04-11-00458-CV, Not Reported in S.W.3d, 2011 WL 4589839, at *1 (Tex. App.—San Antonio Oct. 5, 2011, no pet.) (dismissing appeal for lack of jurisdiction where "Appellant's notice of appeal states his intent to appeal the trial court's order denying his motion to reconsider a motion to recover trust property"); *State Office of Risk Mgmt. v. Berdan*, 335 S.W.3d 421, 428 (Tex. App.—Corpus Christi 2011, pet. denied)

(court of appeals lacked jurisdiction to consider appeal of order denying motion to reconsider and motion for new trial). Thus, to the extent Appellant attempts to appeal the November 12 Order, the Court lacks jurisdiction to consider that appeal.

### B. *Appellant failed to perfect an appeal of the September 23 Order.*

As stated above, Appellant's notice of appeal is limited to his attempted appeal of the Court's November 12 Order. Appellant's brief, however, argues the trial court erred in issuing the September 23 Order. Because Appellant's notice of appeal failed to identify the September 23 Order, and because Appellant failed, in response to the Court's letter, to explain how the November 12 Order is an appealable order, he failed to invoke the Court's jurisdiction.

This scenario has been addressed by numerous courts of appeals. In each of those cases, the courts found they lacked jurisdiction to consider appeals from orders that were not identified in the notice of appeal. For example, in *Daftary v. Prestonwood Market Square, Ltd.*, the appellants' notice of appeal stated they intended to appeal the trial court's partial judgment signed on January 25, 2011. 399 S.W.3d 708, 713 (Tex. App.—Dallas 2013, pet. denied). Appellants' brief argued the trial court also erred by issuing an order on March 1, 2010 severing part of the underlying case. *Id.* The Fifth Court of Appeals held the appellants "failed

4

to invoke our jurisdiction over issues related to the trial court's severance order" because their notice of appeal failed to state they were appealing that order. *Id.*[2]

Similarly, in *Perez v. Perez*, the appellant's notice of appeal stated he appealed the final divorce decree entered on August 30, 2006. Appellant's brief also argued the trial court erred in denying his post-trial petition to modify the parent-child relationship. No. 09-06-521-CV, Not Reported in S.W.3d, 2007 WL 5187895, at *6 (Tex. App.—Beaumont May 22, 2008, pet. denied). The Ninth Court of Appeals dismissed the portion of appellant's appeal of the order denying his motion to modify, holding it lacked jurisdiction to consider that issue because appellant's notice of appeal stated appellant only appealed the final divorce decree. *Id.* at *7; *see also Lair v. Lair*, No. 02-12-00249-CV, Not Reported in S.W.3d, 2014 WL 2922245, at *3 (Tex. App.—Fort Worth June 26, 2014, no pet.) (court of appeals lacked jurisdiction to consider appellant's complaint about trial court's order dismissing post-judgment enforcement motion where appellant's notice of appeal did not reference order).

In *Juanopulos v. Parrott*, the appellant sought a writ of mandamus on a motion to transfer venue. No. 14-98-01024-CV, Not Reported in S.W.2d, 1998

---

[2] Although Appellees are not aware of any conflicting precedent from this Court, they note that the Supreme Court of Texas transferred this appeal from the Fifth Court of Appeals to the Sixth Court of Appeals pursuant to TEX. GOV'T CODE § 73.001. Pursuant to Tex. R. App. P. 41.3 this Court must decide the case in accordance with the precedent of the Fifth Court of Appeals under principles of stare decisis if the Court's decision otherwise would have been inconsistent with the precedent of the Fifth Court of Appeals.

5

WL 733469, at *1 (Tex. App.—Houston [14th Dist.] Oct. 22, 1998, no pet.). During the course of the appeal, the appellee filed a motion to dismiss the appeal for lack of jurisdiction based on mootness. *Id.* The appellant did not dispute that the underlying controversy was moot. The court of appeals held it therefore lacked jurisdiction over the appeal. The appellant argued the court of appeals retained jurisdiction to consider a sanctions order. The court of appeals disagreed, holding it lacked jurisdiction because the appellant's notice of appeal did not include the sanctions order. *Id.*

Finally, in *Carmona v. Stahely*, the appellant's notice of appeal sought to appeal a 2007 order granting the appellee's application for post-judgment turnover of non-exempt assets and appointing a receiver. No. 14-07-00448-CV, Not Reported in S.W.3d, 2008 WL 450369, at *1 (Tex. App.—Houston [14th Dist.] Feb. 21, 2008, no pet.). The post-judgment turnover related to an underlying default judgment signed in 2002. The sole issue raised in Appellant's amended brief was whether he received due process before the 2002 default judgment was entered. The court of appeals noted that Appellant "failed to raise an issue challenging the . . . 2007, turnover order named in his notice of appeal." *Id.* The court of appeals granted the appellee's motion to dismiss, finding the appellant "presented no issue challenging the 2007 turnover order." *Id.*

Because Appellant's notice of appeal did not identify the September 23 Order, and because Appellant did not otherwise timely file a notice of appeal of that order, the Court lacks jurisdiction to consider Appellant's appeal of the same. Further, because Appellant's brief only addresses the September 23 Order, the Court lacks jurisdiction over the entirety of Appellant's appeal. *See, e.g., Carmona v. Stahely*, 2008 WL 450369, at *1. Appellant's appeal should therefore be dismissed.

## RELIEF REQUESTED

For these reasons, Appellees request the Court dismiss Appellant's appeal for lack of jurisdiction.

Respectfully submitted,

GRAY REED & McGRAW

By: __/s/ Andrew K. York_____
    ANDREW K. YORK
    State Bar No. 24051554
    JIM MOSELEY
    State Bar No. 14569100

1601 Elm Street, Suite 4600
Dallas, Texas 75201
(214) 954-4135
(214) 953-1332 (Fax)

ATTORNEYS FOR APPELLEES LUCIEN TUJAGUE, JR., AND DOMINION GAS HOLDINGS, LP

HALLETT & PERRIN, PC


By: /s/ Bryan P. Stevens (with permission)
    BRYAN P. STEVENS
    State Bar No. 24051387
    BARRETT C. LESHER
    State Bar No. 24070137

1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
(214) 983-0053
(214) 922-4142 (Fax)

ATTORNEYS FOR APPELLEES
SHUK HOLDINGS, LLC AND
IDT ENERGY, INC.

GRUBER HURST JOHANSEN
HAIL SHANK LLP


By: /s/Mark L. Johansen (with permission)
MARK L. JOHANSEN
State Bar No. 10670240
RAFAEL C. RODRIGUEZ
State Bar No. 24081123

1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
(214) 855-6800
(214) 855-6808 (Fax)

ATTORNEYS FOR APPELLEE
ALEX RODRIGUEZ

## CERTIFICATE OF CONFERENCE

I hereby certify that on March 19, 2015, I conferred by email with Appellant's counsel, Darrell O'Neal, concerning the relief requested in this Motion. Mr. O'Neal responded that he opposed the Motion.

/s/ Andrew K. York
Andrew K. York

## CERTIFICATE OF SERVICE

Pursuant to Tex. R. App. P. 9.5(b)(1), I hereby certify that on March 19, 2015, a true and correct copy of this Motion was forwarded to the persons listed below electronically through the electronic filing manager if the email address of the person is on file with the electronic filing manager, or by certified mail, return receipt requested if the email address is not on file.

Melvin Houston
Melvin Houston & Associates
1776 Yorktown St., Suite 350
Houston, Texas 77056
mhouston@gotellmel.com

Darrell J. O'Neal
2129 Winchester Road
Memphis, Tennessee 38116
domemphislaw@aol.com

Bryan Stevens
Hallett & Perrin, PC
1445 Ross Avenue, Suite 2400
Dallas, Texas 75202
BStevens@hallettperrin.com

Mark L. Johansen
Rafael C. Rodriguez
Gruber Hurst Johansen Hail Shank LLP
1445 Ross Avenue, Suite 2500
Dallas, Texas 75202
mjohansen@ghjhlaw.com
rrodriguez@ghjhlaw.com

/s/ Andrew K. York
Andrew K. York

10