**Dismiss and Opinion Filed October 23, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-01081-CV

**TRENT GRIFFIN AND/OR ALL OCCUPANTS OF 724 MEANDERING DRIVE, CEDAR HILL, TEXAS 75104, Appellants**

**V.**

**AMERICAN HOMES 4 RENT PROPERTIES EIGHT, LLC A DELAWARE LIMITED LIABILITY COMPANY, Appellee**

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-15-03986-B**

## MEMORANDUM OPINION

Before Chief Justice Wright, Justice Lang-Miers, and Justice Stoddart
Opinion by Chief Justice Wright

Before this Court are appellee's motion to dismiss as moot this appeal from the trial court's judgment of possession in a forcible detainer suit and appellants' opposition to the motion. Appellee asserts this appeal has become moot because it is now in possession of the property at issue. Appellee notes it was awarded judgment of possession against appellants on August 26, 2015. Appellant did not supersede enforcement of the judgment, and appellee took possession of the property "on or around September 11, 2015" following execution of a writ of possession.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The only issue in a

forcible detainer case is the right to actual possession of property. *See Marshall v. Housing Auth'y of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006) (citing former Texas Rule of Civil Procedure 746, now Texas Rule of Civil Procedure 510.3(e)). If the trial court renders judgment in favor of the plaintiff, the trial court must render judgment for possession of the property, costs, any delinquent rent, and attorney's fees if recoverable by law. TEX. R. CIV. P. 510.8(b). When a writ of possession has been executed following the filing of an appeal and possession is no longer an issue, the appeal in a forcible detainer case becomes moot unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue. *See Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, no pet.) (citing former Texas Rule of Civil Procedure 752, no Texas Rule of Civil Procedure 510.8(b)).

Appellants do not assert in their opposition to the motion a potentially meritorious claim of right to current, actual possession of the property, and the trial court did not award attorney's fees or damages. Thus, no actual controversy between the parties remains. We grant appellee's motion to dismiss the case as moot, vacate the trial court's judgment, and dismiss the case. *See* TEX. R. APP. P. 42.3(a); *Marshall*, 198 S.W.3d at 790.

.

151081F.P05

/Carolyn Wright/
CAROLYN WRIGHT
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

TRENT GRIFFIN AND/OR ALL
OCCUPANTS OF 724 MEANDERING
DRIVE, CEDAR HILL, TEXAS 75104,
Appellants

No. 05-15-01081-CV     V.

AMERICAN HOMES 4 RENT
PROPERTIES EIGHT, LLC A
DELAWARE LIMITED LIABILITY
COMPANY, Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-15-03986-B.
Opinion delivered by Chief Justice Wright.
Justices Lang-Miers and Stoddart
participating.

In accordance with this Court's opinion of this date, we **VACATE** the trial court's judgment and **DISMISS** the case.

We **ORDER** that appellee American Homes 4 Rent Properties Eight recover its costs, if any, of this appeal from appellant Trent Griffin and/or all occupants of 724 Meandering Drive, Cedar Hill, Texas 75104.

Judgment entered October 23, 2015.

–3–