

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00196-CV

MICHAEL D. WILSON                                                      APPELLANT

V.

THE BLUFFS AT PARADISE                                                 APPELLEE
CREEK

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2014-002602-1

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a final judgment of possession in a forcible detainer action. In eight issues, Appellant Michael D. Wilson, appearing pro se, challenges the judgment awarding possession, back rent, and attorney's fees to Appellee The Bluffs at Paradise Creek. Appellee argues in its brief that this

---

[1]*See* Tex. R. App. P. 47.4.

appeal is moot because Wilson did not supersede enforcement of the trial court's June 12, 2014 judgment; a writ of possession was executed on or about December 4, 2014; and Appellee is now in possession of the property at issue.[2] After Appellee's brief was filed, Wilson filed an "Appellate Notice Of Waiver Of Reply Brief," stating that he would not be filing a response to Appellee's brief.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The only issue in a forcible detainer case is the right to actual possession of the property. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (citing former Texas Rule of Civil Procedure 746, now Texas Rule of Civil Procedure 510.3(e)). If the trial court renders judgment in favor of the plaintiff, the trial court must render judgment for the plaintiff for possession of the property, costs, any delinquent rent, and attorney's fees if recoverable by law. Tex. R. Civ. P. 510.8(b). When a writ of possession has been executed following the filing of an appeal and possession is no longer an issue, the appeal in a forcible detainer case becomes moot unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue. *See Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—

---

[2]This appeal was previously abated for approximately one year due to Wilson's notice of bankruptcy. *See* Tex. R. App. P. 8.2. We reinstated this appeal on July 1, 2015.

Dallas 2013, pet. denied) (citing former Texas Rule of Civil Procedure 752, now Texas Rule of Civil Procedure 510.8(b)).

Here, Wilson has not shown that he holds and is asserting a meritorious claim as to current, actual possession of the premises, nor has he raised any challenge to the damages or attorney's fees awarded to Appellee; thus, no actual controversy between the parties remains. Because no present controversy exists between the parties, we dismiss the appeal as moot.[3] *See* Tex. R. App. P. 42.3(a); *Marshall*, 198 S.W.3d at 790; *see also Stillwell v. AH4R I TX, LLC*, No. 02-13-00437-CV, 2014 WL 1668475, at *1 (Tex. App.—Fort Worth Apr. 24, 2014, no pet.) (mem. op.).[4]

PER CURIAM

PANEL: WALKER, DAUPHINOT, and SUDDERTH, JJ.

DELIVERED: December 31, 2015

---

[3]Because Wilson's amended motion for emergency relief filed on July 21, 2015, seeks the exact same relief (word for word) as his appellate brief, our opinion now moots this motion. All motions that Wilson filed while this appeal was abated are also now moot.

[4]On December 14, 2015, and again on December 21, 2015, the court received letters from Wilson requesting that the clerk of this court "forward this Writ of Sequestration to be served by the Dallas County Precinct 5 Constable"; no writ of sequestration was attached to either of Wilson's letters. Because we have no jurisdiction over a Dallas County constable, we deny Wilson's requests. *See* Tex. Gov't Code Ann. § 22.201(c) (West Supp. 2015) (listing counties composing the Second Court of Appeals District); *see also* Tex. Civ. Prac. & Rem. Code Ann. § 62.002 (West 2008) (stating that a writ of sequestration is available only prior to the entry of a final judgment).

3