**DISMISS; Opinion Filed March 19, 2019.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-17-01113-CV

### DEANINE REED, Appellant
### V.
### JEREMY SIMMONS AND CECILIA SIMMONS, Appellees

**On Appeal from the County Court at Law No. 2**
**Dallas County, Texas**
**Trial Court Cause No. CC-17-03554-B**

## MEMORANDUM OPINION
Before Justices Brown, Schenck, and Pedersen, III
Opinion by Justice Schenck

Deanine Reed appeals a judgment awarding possession of real property in favor of appellees Jeremy and Cecilia Simmons. As set forth below, we dismiss this appeal for lack of jurisdiction.

### BACKGROUND

Appellees purchased a house (the Property) at a foreclosure sale conducted by a substitute trustee. After purchasing the Property, on May 19, 2017, appellees served a notice to vacate on the occupant of the Property, appellant, who failed to vacate the Property. On July 5, 2017, appellees filed a suit for forcible detainer against appellant. The justice of the peace court found in favor of appellees. Appellant appealed to the county court at law where she argued that she had entered into an informal marriage with the former owner ("Former Owner") of the Property prior to the foreclosure sale and asserted rights to the Property based on appellant's alleged status as

surviving spouse. After conducting a bench trial, the county court at law judge signed a judgment awarding possession of the Property to appellees. Appellant timely filed a motion for new trial, which the trial court denied. This appeal followed.

## DISCUSSION

Appellant raises four issues on appeal. In her first issue, she argues the trial court erred by failing to declare that appellant owned a vested legal interest in the Property, which vested before appellees purchased the Property. In her second issue, appellant urges the trial court erred by not transferring this case to the probate court where an action related to the estate of the Former Owner was pending. In her third issue, appellant challenges the trial court's judgment as denying appellant her legal rights as an informal spouse of the Former Owner. In her fourth issue, appellant maintains the trial court erred by not declaring the Substitute Trustee's Deed void, alleging the evidence showed the Former Owner's estate's attorney properly notified the mortgage holder's transfer agent that the Former Owner, mortgagor, died before the foreclosure sale.

All of appellant's arguments rely on her assertions that she and the Former Owner were informally married prior to the Former Owner's death and the foreclosure of the Property. Appellees argue this case is moot because the probate court in which actions relating to the Former Owner's estate were proceeding determined that no such informal marriage existed. Appellant appealed that decision, and this Court affirmed the probate court's judgment. *See In re Estate of Linda Jean Whetstone, Deceased*, No. 05-18-00165-CV, 2019 WL 698090 (Tex. App.—Dallas Feb. 20, 2019, no pet. h.).

Appellate courts are prohibited from deciding moot controversies. *See Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied). A case becomes moot if a controversy ceases to exist between the parties at any stage of the legal proceedings, including the appeal. *See id.* In light of our prior decision upholding the probate

court's determination that no informal marriage existed, and given all of appellant's issues in this case hinge on the same determination, there is no justiciable controversy before this Court. *See id.* Accordingly, we overrule appellant's issues and dismiss the appeal as moot.

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

171113F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DEANINE REED, Appellant

No. 05-17-01113-CV      V.

JEREMY SIMMONS AND CECILIA
SIMMONS, Appellees

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-17-03554-B.
Opinion delivered by Justice Schenck,
Justices Brown and Pedersen, III
participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED**.

It is **ORDERED** that appellees JEREMY SIMMONS AND CECILIA SIMMONS
recover their costs of this appeal from appellant DEANINE REED.

Judgment entered this 19th day of March 2019.