

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

## No. 02-18-00218-CV

———————————————————

JACQUETTA LOMOSI, Appellant

V.

WOODFAM MANG, Appellee

---

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2018-003129-1

---

Before Kerr and Birdwell, JJ.; and Rebecca Simmons, J. (Sitting by Assignment).
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

Appellant Jacquetta Lomosi, proceeding pro se, appeals the trial court's judgment ordering that appellee Woodfam Mang (Woodfam) is entitled to possession of real property in Arlington. Without citing any legal authorities, Lomosi appears to contend that Woodfam obtained the judgment by presenting fraudulent documents, including a trustee's deed and an affidavit of completed foreclosure. She asks us to hold that she "should not have been evicted and [to] allow [her] to return to [her] home." Thus, she concedes that she has already been evicted from the property. Because Lomosi no longer possesses the property and because she cannot assert a meritorious claim to current, actual possession of the property, we hold that this appeal is moot. We dismiss the appeal.

In May 2018, Woodfam filed a sworn justice-court petition to evict Lomosi from her Arlington home. Woodfam pleaded that it had bought the property through a foreclosure sale. Lomosi answered the petition by pleading that she had purchased the property in 2004, that she had lived there since then, that she was the rightful owner, and that "[t]his [was] a complicated case of mortgage/property fraud."

The litigation eventually proceeded to a bench trial in the trial court. The trial court admitted copies of a deed of trust, a substitute trustee's deed, an affidavit of completed foreclosure, and an April 2018 notice for Lomosi to vacate the premises. The deed of trust, signed by Lomosi in 2004, stated that she had signed a note in which she had promised to make periodic payments on the property. The deed of

2

trust also recited that if Lomosi failed to make the payments, the trustee could sell the property and that if the trustee sold the property, Lomosi would immediately surrender possession. The substitute trustee's deed recited that Lomosi had defaulted on her obligation on the note, that she had not cured the default, and that the property had been sold according to the deed of trust's terms.

When the trial concluded, the trial court signed a judgment granting Woodfam possession of the property. Lomosi brought this appeal.

Lomosi's appeal appears to hinge upon her assertions that the recitations contained within the documents admitted by the trial court were incorrect or were fraudulent. She asserts that her property was not sold and that she "believe[s]" that the trustee's deed and affidavit of completed foreclosure are fraudulent, although she did not present any evidence in the trial court supporting those assertions. In her brief and in response to our jurisdictional inquiry, *see* Tex. R. App. P. 44.3, she concedes that she has been evicted and therefore no longer possesses the property.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The only issue in a forcible detainer case is the right to actual, immediate possession of the property; we do not determine whether an eviction was wrongful or resolve the merits of a title dispute. *See Marshall*, 198 S.W.3d at 785; *Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). When a writ of possession has been executed

3

following the filing of an appeal, the appeal in a forcible detainer case becomes moot unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue.[1] *See Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied); *Wilson v. Bluffs at Paradise Creek*, No. 02-14-00196-CV, 2015 WL 9598921, at *1 (Tex. App.—Fort Worth Dec. 31, 2015, pet. dism'd w.o.j.) (mem. op). When a case becomes moot on appeal, we must vacate the trial court's judgment and dismiss the appeal. *See Marshall*, 198 S.W.3d at 790; *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.).

Lomosi has not demonstrated that she holds a meritorious claim as to current, actual possession of the premises, and our independent review of the record and the law shows no such claim. Because no actual controversy between the parties remains, we have no choice but to vacate the trial court's judgment and dismiss the appeal as moot. *See* Tex. R. App. P. 42.3(f); *Marshall*, 198 S.W.3d at 785, 790; *Stewart v. Fiesta City Realtors*, No. 04-17-00839-CV, 2018 WL 4760151, at *1 (Tex. App.—San Antonio Oct. 3, 2018, no pet.) (mem. op.); *Devilbiss v. Burch*, No. 04-16-00711-CV, 2018 WL 2418476, at *3 (Tex. App.—San Antonio May 30, 2018, pet. denied) (mem. op.).

/s/ Wade Birdwell
Wade Birdwell
Justice

Delivered: March 21, 2019

---

[1]The trial court did not award damages or attorney's fees.