

**NUMBER 13-21-00374-CV**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI – EDINBURG**

---

**JANYCE BARTLETT,**                                                          **Appellant,**

**v.**

**BREEZE LAKE CAMPGROUND,**                                         **Appellee.**

---

**On appeal from the County Court at Law No. 5
of Cameron County, Texas.**

---

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina
Memorandum Opinion by Justice Tijerina**

Pro se appellant Janyce Bartlett appeals from final judgment of possession in a forcible-detainer suit in favor of appellee Breeze Lake Campground (BLC). Bartlett contends that the trial court admitted inadmissible evidence and excluded her evidence and that the judgment was "unfair." We vacate and dismiss for want of jurisdiction.

### I.    BACKGROUND

Following a trial, a justice of the peace court ordered Bartlett evicted from BLC.

Bartlett appealed to the county court. *See* TEX. R. CIV. P. 510.10(c). On October 20, 2021, the county court held a de novo bench trial.

At trial, Bartlett admitted that she signed and agreed to several of BLC's terms and conditions, including that BLC reserved the right to select its clientele and guests, to refuse service to anyone, and to evict anyone that did not follow park rules. Several BLC witnesses testified that Bartlett broke several park rules, including the rule that requires each BLC resident to treat others with respect.

First, Gerda Knowles testified that Bartlett walked into a room, closed the door to the pool area, locked it, and proceeded to inform Knowles that having the door open was against state law. Knowles felt harassed by Bartlett when Bartlett told her that Knowles's nickname was "Gestapo."[1]

Patricia Rogers testified that one day, Bartlett knocked on her door inquiring where the life preservers to the pool were because "those people" that "can't speak English" "don't know anything about water safety."[2] Ashley Kratochvil testified that following this incident, Bartlett entered the camp office where another employee repeatedly asked Bartlett to "please step away from behind [her] desk" when Bartlett began physically grabbing materials that did not belong to her. According to Kratochvil, several BLC tenants felt uncomfortable with Bartlett.

Mireya Torres similarly stated that Bartlett is constantly raising complaints about

---

[1] Knowles stated she was of German descent.

[2] Bartlett testified that "those people" were "foreign nationals coming into the park [that] did not have the same set of knowledge as what we are familiar with and they needed to be informed on water safety issues."

2

the manager, the facilities, the cleaning, the workers, and "those people" that live there. Torres expressed that Bartlett has always been rude to her and has spoken to her in a demeaning manner. For example, Bartlett turned on the shower, opened the curtains, and proceeded to let the water rush out only to immediately instruct Torres to "clean it." Torres clarified that it appeared Bartlett was harassing the children and guests in the pool area because they were of Hispanic descent and that Bartlett had never harassed anyone of Caucasian descent.[3] Property Manager Melanie Wilson stated that it became obvious Bartlett was "portraying inappropriate behavior towards ethnicities other than American" as Bartlett informed officers that she was not sure the guests at the pool were here legally and for that reason Bartlett was recording them on her phone.

On November 1, 2021, the trial court granted BLC possession of the premises, ordered that Bartlett vacate the premises within thirty days, and ordered a writ of possession. On November 23, 2021, Bartlett vacated the premises. Bartlett appealed.

## II. MOOTNESS

The only issue in a forcible-detainer action is the right to actual possession of the property. *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006). A forcible-detainer appeal thus becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or unless damages or attorney's fees remain at issue. *See Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas

---

[3] Bartlett limited her Torres's cross-examination to one question: whether Torres was "an American citizen as far as being employed in the United States."

2013, pet. denied) (op. on reh'g); *Wilson v. The Bluffs at Paradise Creek*, No. 02-14-00196-CV, 2015 WL 9598921, at *1 (Tex. App.—Fort Worth Dec. 31, 2015, pet. dism'd w.o.j.) (per curiam) (mem. op.); *see generally Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) (explaining that a case becomes moot if a controversy ceases to exist between the parties at any stage of the proceeding).

Bartlett was evicted from the property, and she does not assert any potentially meritorious claim for possession of the property.[4] Thus, Bartlett's appeal is now moot as she has no legitimate claim to possession.[5] *See Marshall*, 198 S.W.3d at 787 ("Judgment in a forcible detainer case is not intended to be a final determination of whether the eviction is wrongful; rather, it is a determination of the right to immediate possession."); *Page v. Cerberus SFR Holdings, L.P.*, No. 02-19-00059-CV, 2019 WL 4124380, at *1 (Tex. App.—Fort Worth Aug. 29, 2019, no pet.) (mem. op.) (holding that the appellate court lacked jurisdiction after it learned that a constable had executed the writ of possession and turned possession of the premises at issue in this case over to appellee); *Wilson*, 2015 WL 9598921, at *1 ("When a writ of possession has been executed following the filing of an appeal and possession is no longer an issue, the appeal in a forcible detainer case becomes moot unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue."). Accordingly, we must vacate the trial court's judgment and dismiss the case

---

[4] Instead, Bartlett "implores this court to": (1) "[r]ecognize this neglect of safety by the appellee as an eminent threat to these voiceless victims"; (2) "order the closure of [BLC] pool facility"; and (3) order an inspection of this facility by appropriate county and/or state authorities to determine its compliance with applicable Texas statutes."

[5] Bartlett does not challenge attorney's fees.

for want of jurisdiction. *See* TEX. R. APP. P. 43.2(e); *Marshall,* 198 S.W.3d at 788 ("One purpose of vacating the underlying judgment if a case becomes moot during appeal is to prevent prejudice to the rights of parties when appellate review of a judgment on its merits is precluded."); *see also Puente v Sec'y of US Dep't of Veterans Affs.*, No. 13-22-00101-CV, WL 2975899, at *2 (Tex. App.—Corpus Christi–Edinburg July 28, 2022, no pet. h.) (mem. op.).

### III. CONCLUSION

We vacate the trial court's judgment and dismiss the case for want of jurisdiction.

JAIME TIJERINA
Justice

Delivered and filed on the
11th day of August, 2022.

5