

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-24-00513-CV

———————————————

JADE TRAN, Appellant

V.

2600 VENTURES LLC, Appellee

———————————————

On Appeal from County Court at Law No. 2
Denton County, Texas
Trial Court No. CV-2024-03699-JP

———————————————

Before Womack, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Womack

## MEMORANDUM OPINION

Appellant Jade Tran appeals the trial court's judgment in a forcible detainer suit in which the trial court ordered that Appellee 2600 Ventures LLC was entitled to possession of certain real property in Denton County. After reviewing the clerk's record and the supplemental clerk's record, this court learned that on February 6, 2025—after Tran had filed her notice of appeal—the constable executed a writ of possession that turned possession of the property over to 2600 Ventures.

A case becomes moot if, at any stage of the proceedings, a controversy ceases to exist between the parties. *See Marshall v. Hous. Auth. of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001). The only issue in a forcible detainer case is the right to actual possession of the property. *Marshall*, 198 S.W.3d at 785. When a writ of possession has been executed following the filing of an appeal in a forcible detainer case, the appeal becomes moot unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or damages or attorney's fees remain at issue.[1] *Lomosi v. Mang*, No. 02-18-00218-CV, 2019 WL 1284910, at *1 (Tex. App.—Fort Worth Mar. 21, 2019, no pet.) (mem. op.); *see Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711 (Tex. App.—Dallas 2013, pet. denied) (op. on reh'g). When a forcible detainer case becomes moot on appeal, we must vacate the trial court's judgment and dismiss the

---

[1]The trial court did not award damages or attorney's fees in this case.

2

appeal. *Lomosi*, 2019 WL 1284910, at *1 (first citing *Marshall*, 198 S.W.3d at 790; and then citing *City of Dallas v. Woodfield*, 305 S.W.3d 412, 416 (Tex. App.—Dallas 2010, no pet.)).

On April 17, 2025, we sent Tran a letter stating that we were concerned that her appeal was moot. We stated that unless she or any party desiring to continue the appeal filed a response showing grounds for doing so on or before April 28, 2025, the appeal would be dismissed. *See* Tex. R. App. P. 42.3(a), 44.3. Tran did not respond to our letter.

Because Tran is no longer in possession of the property; because she has not demonstrated that she holds a meritorious claim of right to current, actual possession of the property; and because she has not shown any other grounds for continuing the appeal, we vacate the trial court's judgment and dismiss the case as moot.[2] *See* Tex. R. App. P. 43.2(e); *Hizar v. 777 ER, LLC*, No. 02-24-00549-CV, 2025 WL 876778, at *1

---

[2]We also note that Tran has not filed an appellate brief. Tran's brief was originally due on March 31, 2025. That deadline passed without Tran filing her brief. On April 3, 2025, we notified Tran that her brief had not been filed as the appellate rules require. *See* Tex. R. App. P. 38.6(a). We warned Tran that her appeal could be dismissed for want of prosecution unless she filed, on or before April 14, 2025, a brief along with a motion reasonably explaining her failure to file a brief and her need for an extension. *See* Tex. R. App. P. 10.5(b), 38.8(a)(1). On April 16, 2025, Tran filed a "Request for Extension to File Appellant's Brief." On April 17, 2025, we granted that request and ordered that Tran's brief be filed on or before April 24, 2025. We warned that "NO FURTHER EXTENSIONS WILL BE GRANTED." Despite our order, Tran has still not filed her brief. Thus, even if we put aside our mootness concerns, we would dismiss this case for want of prosecution. *See* Tex. R. App. P. 38.8(a)(1), 42.3(b), 43.2(f).

(Tex. App.—Fort Worth Mar. 20, 2025, no pet.) (per curiam) (mem. op.) ("Because Appellant is no longer in possession of the property; because he has not identified an ongoing, live controversy between the parties; and because he has not shown any other grounds for continuing the appeal, we vacate the trial court's judgment and dismiss the case as moot."); *Leija v. De Koro Homes LLC*, No. 02-22-00248-CV, 2022 WL 3464771, at \*2 (Tex. App.—Fort Worth Aug. 18, 2022, no pet.) (mem. op.) (vacating judgment and dismissing case as moot in appeal from a forcible detainer judgment); *Lomosi*, 2019 WL 1284910, at \*2 (similar).

/s/ Dana Womack

Dana Womack
Justice

Delivered: May 29, 2025