

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-26-00010-CV

---

Olivia Campbell, Appellant

v.

JWC Property Management Agent for JMCK Properties LLC, Appellee

---

On Appeal from the County Court at Law No 1
Bell County, Texas
Trial Court No. 25CCV01713

---

## MEMORANDUM OPINION[1]

Appellant, Olivia Campbell, appeals from the trial court's November 21, 2025 judgment

awarding possession of real property located at 4805 Sterling Circle, Killeen, Texas to Appellee,

---

[1] This case was transferred pursuant to the Texas Supreme Court's docket equalization efforts. Tex. Gov't Code Ann. § 73.001. We follow the precedent of the Third Court of Appeals to the extent it might conflict with our own. *See* Tex. R. App. P. 41.3.

JWC Property Management, Agent for JMCK Properties LLC (JWC). On April 13, 2026, JWC filed a motion to dismiss the appeal as moot, arguing that a writ of possession had been executed in this case, that Campbell is no longer in possession of the property, and that the appeal is therefore moot. We grant JWC's motion, vacate the trial court's judgment, and dismiss this appeal as moot.

"The only issue in a forcible detainer action is the right to actual possession of the premises." *Marshall v. Hous. Auth. Of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006); *see* Tex. R. Civ. P. 510.6(f); *Herrmann v. Credit Union of Tex.*, No. 04-25-00209-CV, 2025 WL 2235001, at *1 (Tex. App.—San Antonio Aug. 6, 2025, pet. denied) (per curiam) (mem. op.). A judgment awarding possession in a forcible detainer action only determines the right to immediate possession of the property, without determining whether the eviction is wrongful. *See Marshall*, 198 S.W.3d at 787; *Herrmann*, 2025 WL 2235001, at *1; *Resendez v. FV REO I, LLC*, No. 03-13-00201-CV, 2014 WL 411720, at *2 (Tex. App.—Austin Jan. 31, 2014, no pet.) (mem. op.) (quoting *Marshall*, 198 S.W.3d at 787). If a defendant in a forcible detainer proceeding wishes to assert a challenge to the title to the property or to the foreclosure process employed in an underlying proceeding, the defendant must pursue such a challenge in a separate suit. *See Childress v. U.S. Bank Trust, N.A. as Trustee for LSF10 Master Participation Tr.*, No. 06-23-00024-CV, 2023 WL 5498960, at *3 (Tex. App.—Texarkana Aug. 25, 2023, no pet.) (mem. op.) (quoting *Herrera v. Bank of Am.*, No. 06-15-00081-CV 2016 WL 3655055, at *3 (Tex. App.—Texarkana July 7, 2016, no pet.) (mem. op.)); *Resendez*, 2014 WL 411720, at *2; *Schlichting v. Lehman Bros. Bank FSB*, 346 S.W.3d 196, 199 (Tex. App.—Dallas 2011, pet. dism'd).

After a trial court awards possession to a plaintiff in a forcible detainer action, "if a proper supersedeas bond is not filed, the judgment may be enforced, including issuance of a writ of possession evicting the tenant from the premises." *Marshall*, 198 S.W.3d at 786; *see Herrmann*, 2025 WL 2235001, at *1; *see also* Tex. Prop. Code Ann. § 24.007 (prohibiting a county court's

2

judgment in an eviction suit from being stayed pending appeal unless the appellant files a supersedeas bond within 10 days of the signing of the judgment); Tex. R. Civ. P. 510.23 (same). Further, if a writ of possession is executed and the appellant is no longer in possession of the property, an appeal from the forcible detainer action becomes moot unless the appellant asserts a potentially meritorious claim of right to current, actual possession of the property.[2] *See Marshall*, 198 S.W.3d at 787; *Williams v. Orca Realty, LLC*, No. 01-23-00854-CV, 2024 WL 4776215, at *2 (Tex. App.—Houston [1st Dist.] Nov. 14, 2024, no pet.) (mem. op.). Finally, if an appeal from a forcible detainer action is moot, we must vacate the trial court's judgment of possession and dismiss the appeal. *See Marshall*, 198 S.W.3d at 785, 790; *Herrmann*, 2025 WL 2235001, at *2; *Williams*, 2024 WL 4776215, at *4.

Here, the record shows that, after the justice court issued judgment awarding possession of the property to JWC, Campbell filed a notice of appeal. Campbell then filed an answer in the county court, arguing that "[t]he foreclosure was fraudulent" and that "[t]here is a pending case in District Court . . . challenging the foreclosure." The county court subsequently issued a judgment awarding possession of the property to JWC.

Campbell timely appealed the county court's judgment. In her notice of appeal, Campbell again argued that "[t]he eviction is based on a foreclosure," that "the foreclosure validity is pending in district court," and that "[t]he foreclosure is void." Campbell did not, however, file a supersedeas bond. As a result, a deputy constable executed a writ of possession on the property on January 9, 2026.

---

[2] We note that, if the trial court also awards attorney's fees in its judgment, "[a] dispute over attorney's fees is a live controversy that may prevent an entire case from becoming moot." *Williams v. Orca Realty, LLC*, No. 01-23-00854-CV, 2024 WL 4776215, at *4 (Tex. App.—Houston [1st Dist.] Nov. 14, 2024, no pet.) (mem. op.); *see Daftary v. Prestonwood Mkt. Square, Ltd.*, 399 S.W.3d 708, 711–12 (Tex. App.—Dallas 2013, pet. denied); *cf.* Tex. Prop. Code. § 24.006 (authorizing award of attorney's fees in an eviction suit). Here, however, the trial court did not consider or award attorney's fees in its judgment.

The record therefore shows that a writ of possession was executed and Campbell is no longer in possession of the property. Further, although Campbell filed a response in opposition to JWC's motion, she does not assert a potentially meritorious claim of right to current, actual possession of the property. *See Moore v. Benitez*, No. 14-20-00057-CV, 2020 WL 2070753, at *1 (Tex. App.—Houston [14th Dist.] April 30, 2020, no pet.) (per curiam) (mem. op.); *cf. Herrmann*, 2025 WL 2235001, at *2 (holding that the appellants became tenants at sufferance after the property was foreclosed and that they were "unable to assert a potentially meritorious claim of right to current, actual possession of the property"); *Roberts v. CitiMortgage, Inc.*, No. 06-18-00024-CV, 2018 WL 5831333, at *3 (Tex. App.—Texarkana Nov. 8, 2018, no pet.) (mem. op.) (holding that the substance of the appellants' arguments "intertwine[d] title issues with possession issues," that the arguments "amount[ed] to attacks on the underlying foreclosure process, which attacks [were] not properly resolved in a forcible detainer action," and that the claims did "not amount to a separate claim of a right to possession"); *Resendez*, 2014 WL 411720, at *2 ("Because the Resendezes' attack on the underlying foreclosure process cannot be resolved in this forcible detainer proceeding, we conclude that they have failed to assert a potentially meritorious right to possession.").

Accordingly, we conclude that this appeal is moot. We grant JWC's motion, vacate the trial court's judgment, and dismiss the case and this appeal as moot. We dismiss any other pending motions as moot.


GINA M. PALAFOX, Justice

May 5, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.


4